EMIL ALBERT BEYER *v.* JOSEPH BEN DECKER
ET AL.

[No. 37, April Term, 1930.]

*Decided June 11th, 1930.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Joseph T. England* and *Edward D. E. Rollins,* with whom were *Julius F. Sandrock* and *E. Kirk Brown* on the brief, for the appellant.

W. *Pepper Constable,* with whom were *Harold Tschudi* and *Charles Carroll, Jr.,* on the brief, for the appellees.

BOND, C. J., delivered the opinion of the Court.

The question to be decided in this case is one arising under the Workmen's Compensation Act, Code, art. 101: whether an excepting clause in section 65, excluding from the operation of the act employees "engaged in rendering any agricultural service, or in service incidental to or in connection with agricultural pursuits and developments," covers an employee who works on a dairy farm and delivers milk, as described in the evidence. There is no dispute on the scope and character of the employee's duties. The State Industrial Accident Commission held that he was not such an employee as the clause excepted, but on appeal the circuit court held that on the undisputed facts he did come within the excepting clause, and directed a verdict accordingly, in favor of the contentions of the employer and insurer. The employee appeals.

The employer owned and operated farms in Cecil County, about two miles from Elkton, with an aggregate of about five hundred acres, carried on a dairying business on the farms, and, besides, raised corn, wheat, oats, and the like, in season. He kept about thirty cows, and some young stock. He had a milk route in Elkton on which he delivered four hundred and more bottles daily, and any surplus milk from the farm he had was delivered at Elkton to a wholesaler who transported it to Philadelphia. Beyer, the claimant, was regularly employed in dairy work, and drove a horse and wagon delivering surplus milk at the stations, to the wholesaler. And he was struck by a Pennsylvania Railroad engine and injured, while delivering at the station of that railroad. His duties did not include any work on the farm crops. He regularly started in the morning milking the cows and seeing that the surplus milk was delivered to the stations, hauled out manure, threw down feed, took care of his horse and wagon, washed out bottles and cans, drove back and forth, and "did anything that had to be done around" in connection

with the dairy farming. At times he would be put to other work to occupy his time.

The claimant, on appeal, objects that the trial court could not properly, under the decisions of this court, direct a verdict as it did, contrary to the decision of the commission, inasmuch as the statute, section 56, requires that the decision of the commission shall on appeal be taken as prima facie correct. But when the facts are undisputed, as here, the only remaining question, that of the effect of the act on such a state of facts, is one of statutory construction, and one of law for the court; and no presumption could control the conclusion as to the meaning of the statute. *Bogatsky v. Swerdlin,* 152 Md. 18; *States Engineering Co. v. Harris,* 157 Md. 487. The question here is whether work described in the evidence was intended to be included within the statutory class of "agricultural service, or service incidental to or in connection with agricultural pursuits and developments?" And the courts must answer upon a construction of the statute in the regular way.

It may be that there are dairying operations now carried on upon such a scale, or under such circumstances, that they could not properly be classified as agricultural, but it is true that dairying operations are still carried on by many farmers as parts of general agricultural occupations. Ordinary farms, in other words, have long supplied milk, and many farmers still do so, as ordinary parts of their farming. And of course there is on every farm some work of delivering or shipping the products. In our opinion the statutory exception was intended to include work of dairying of the kind long familiar as an incident of ordinary farming. And the mere facts that the claimant was working in connection with a dairy, and delivering the wholesale milk, do not therefore remove him from the excepted class of farm laborers. The statute does not afford a precise definition of an agricultural laborer, or an exact indication of the point where dairying may cease to be part of a farming operation and become a commercial occupation. The courts are required to construe the statute with respect to the work done in each case. In this case, the

employee's work appears to have been such as has been an incident of ordinary farming operations for a long time in the past, and we concur with the trial court in the conclusion that he was within the excepted class, and so not entitled to compensation under the provisions of the act.

*Judgment affirmed, with costs to the appellee.*