## SOUTHWESTERN COTTON OIL CO. et al. v. SPURLOCK et al.

No. 24383.    Oct. 31, 1933.

Jas. C. Cheek and Frank E. Lee, for petitioners.

Davis, Watt & Herring, for respondents.

OSBORN, J. This is an original action in this court to review an award of the State Industrial Commission.

The Southwestern Cotton Oil Company, one of the petitioners, was engaged in the business of operating an oil mill, and had arranged with one George Turner to do some hauling by truck; he in turn employed one Jimmie Bean, who owned a truck; and Bean then employed the claimant, Charles E. Spurlock, as an assistant or helper on the truck.

On October 16, 1932, while repairing the truck in an alley back of Bean's home, a flying splinter of steel struck claimant in the eye.

A hearing was had, and on December 13, 1932, the Commission entered an award in favor of Spurlock for temporary total disability, and adjudged George Turner and Jimmie Bean primarily liable and the Southwestern Cotton Oil Company and its insurance carrier secondarily liable, whereupon they appealed to this court.

Among the various contentions by the petitioners, they assert that the Industrial Commission is without jurisdiction to enter an award in this case, since the claimant at the time of his injury was not engaged in a hazardous employment as defined by the Workmen's Compensation Act.

It is admitted that petitioner Southwestern Cotton Oil Company, in so far as the operation of the oil mill is concerned, is engaged in a hazardous employment within the terms of said act. This fact alone, however, is not sufficient to bring claimant within the terms of the act. In the case of Oklahoma Publishing Company v. Molloy, 146 Okla. 157, 294 P. 112, it is said:

"The Workmen's Compensation Act recognized the fact that the same employer may conduct different departments of business, some of which fall within the act and some which do not. Southwestern Grocery Co. v. State Industrial Commission, 85 Okla. 248, 205 P. 929.

"Before a claimant can recover under the Industrial Act he must show that he was engaged, not only in manual or mechanical work or labor, but that such work or labor was of a hazardous nature."

See, also, Ferris v. Bonitz, 149 Okla. 129, 299 P. 473; Crawford v. State Industrial Commission, 111 Okla. 265, 239 P. 575; World Publishing Co. v. Deloe, 162 Okla. 28, 18 P. (2d) 1070.

Admitting, without deciding, that claimant was in the employ of respondent, the Southwestern Cotton Oil Company, and further admitting that the Southwestern Cotton Oil Company is primarily engaged in a hazardous business, in order to justify a recovery, claimant must show that at the time of his injury he was engaged in a branch or department of said business which is defined as hazardous by the Workmen's Compensation Act.

That the operation of a motortruck, in which business claimant was employed at the time of his injury, is not a hazardous employment, as defined by the act, has been determined in the case of Choctaw Cotton Oil Co. v. Hall, 163 Okla. 288, 21 P. (2d)

1059, which involved a state of facts practically identical with the facts involved herein.

Having taken this view of the matter, it is unnecessary to consider other contentions advanced by petitioners.

Since claimant was not engaged in a hazardous employment at the time of his injury, the Industrial Commission was without jurisdiction to make an award.

The award is vacated and the cause remanded, with instructions to dismiss the same.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, BAYLESS, and WELCH, JJ., concur. ANDREWS and BUSBY, JJ., absent.