## ALLEN v. STATE INDUSTRIAL COMMISSION et al.

No. 28404.    Oct. 4, 1938.

Rehearing Denied Nov. 1, 1938.

Philip J. Kramer and R. P. Colley, for petitioner.

Claud Briggs, John Morrison, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.    On the 1st day of January, 1935, Elmer T. Allen sustained an accidental injury while employed by the Standard Company. He was delivering milk in the residential district in Tulsa, Okla., when he was run into by an automobile driven by a third person and sustained the injury of which complaint is made.

On the 18th day of January, 1938, the State Industrial Commission entered its order denying an award on the ground that the business of the employer was not covered by the Workmen's Compensation Law.

The parties will be referred to as petitioner and respondent. Petitioner seeks to vacate the order denying the award on the authority of Pemberton Bakery v. State In-

dustrial Commission, 180 Okla. 446, 70 P.2d 98, and Beatrice Creamery v. State Industrial Commission, 174 Okla. 101, 49 P.2d 1094.

The uncontradicted evidence was that the respondent was engaged in the distribution of milk products and for such purpose maintained a plant where the bottles were washed, sterilized, filled and capped by machinery; that there was power-driven machinery for this purpose, and that in addition thereto there was in said plant a churn or agitator for buttermilk; and a pasteurizing plant or equipment for the pasteurizing of sweet milk, and that this machinery was also power-driven.

Section 13349, O. S. 1931, specifically includes employment in a creamery run by power as one of the employments covered by the Workmen's Compensation Law. In Pemberton Bakery v. State Industrial Commission, supra, this court expressed the rule that if the work of an injured employee was covered by the Workmen's Compensation Law, and at the time of the injury received he was doing anything incident to or connected with such employment, his injury came within the provisions of the Workmen's Compensation Law. In that case it was specifically held that delivering for a wholesale mercantile establishment was something done incident to and connected with the employment.

It therefore follows that if the said petitioner was an employee of a creamery as described by section 13349, supra, and at the time of his employment was delivering the product of said creamery, he was doing something incident to and connected with his employment, and that the commission erred in refusing to consider the nature and extent of his injury solely upon the basis that his employment was not covered by the Workmen's Compensation Law.

In discussing whether or not the respondent was a creamery within the definition of the Workmen's Compensation Law, we shall refer to the following authorities. Webster's Dictionary (1933) New International; Elgin Butter Co. v. Sands, 155 Ill. 127, 40 N. E. 616; Beatrice Creamery Co. v. State Industrial Commission, 174 Okla. 101, 49 P.2d 1094; Pawnee Ice Cream Co. v. Price, 164 Okla. 120, 23 P.2d 168; Neubeck v. Doscher, 199 N. Y. S. 203, 204 App. Div. 617; Cobbey's Am. Stats. Neb. 1903, sec. 9410. Webster's New International Dictionary, supra, gives the following definition of a creamery:

"1. An establishment where butter and cheese are made or where milk and cream are sold or prepared for market, also, rarely

the work of such an establishment. 2. A place or apparatus in which milk is set for creaming."

In Neubeck v. Doscher, supra, the court held:

"A consideration of the work places, the operations, and the products leads to the conclusion that the operation of a creamery is over when creamery products are produced and are separated from creamery operations by being sent to other places for sale."

This is contrary to the holding of this court in Pemberton Bakery v. State Industrial Commission, supra, and since therein the court has held that a deliveryman for a wholesale mercantile establishment is doing something incident to and connected with the employment in such wholesale mercantile establishment, it therefore follows that the conclusion reached by the New York court and the conclusion reached by this court in Beatrice Creamery Co. v. State Industrial Commission, supra, have been modified. Such modification does not change the definition of creamery therein contained. In Beatrice Creamery Co. v. State Industrial Commission, supra, we said:

"While this court has not heretofore defined the term, yet in Pawnee Ice Cream Co. v. Price, 164 Okla. 120, 23 P.2d 168, we held that an ice cream plant was both a 'factory * * * where machinery is used' and a 'creamery operated by power'. Mr. Justice Welch, speaking for the court, said: 'The employment engaged in was a "factory * * * where machinery is used," and a "creamery operated by power," and is one of the employments included in the Workmen's Compensation Act, section 7283, C. O. S. 1921'."

Therein the syllabus is as follows:

"A plant where milk and cream are received, processed, and prepared for market, either as such or in the form of butter or other dairy products, and where machinery and power are employed for such purpose, is a 'creamery operated by power'."

Cobbey's Ann. Stats. supra, is as follows:

"For the purpose of this act [Pure Food Act] 'creamery' shall be defined as a 'factory where cream from milk with or without the addition of salt and coloring matter, is churned into butter'."

In Elgin Butter Co. v. Sands, supra, the court said:

"A creamery is simply a place where butter is made, and it is not the size or capacity of the factory that makes it a creamery."

That was an action to enjoin the use of the name Elgin Creamery by a competitor. The action was unsuccessful, and in rendering the opinion the court gave the definition.

At one time the most important, if not the only, "processing" of milk was the making of butter, and this would account for the earlier definitions. Now there may be many processes; and in the process or processes, if power-driven machinery is used, we hold that the use thereof constitutes the same a creamery within the definition and meaning of section 13349, supra.

We think the more modern definition has been expressed both in the definition given by Webster's Unabridged Dictionary, supra, and in the opinion of this court as announced in Beatrice Creamery Co. v. State Industrial Commission, supra.

To hold otherwise would be to ignore the more modern definition of what constitutes a creamery.

We are therefore of the opinion, and hold, that the State Industrial Commission erred when it refused to consider the nature and extent of the injury and based its denial of the award to the petitioner upon the ground that the respondent was not covered by the Workmen's Compensation Law. Since it appears from the order entered that the other matters were not fully gone into, the order denying the award is vacated and the cause is remanded to the State Industrial Commission, with directions to take such proceedings as it may see fit not inconsistent with the opinion herein rendered.

Award vacated, with directions.

OSBORN, C. J., and RILEY, PHELPS, GIBSON, and DAVISON, JJ., concur.