# ALVING STAHL v. JOSEPH PATRICK AND ANOTHER.[1]

December 8, 1939.

No. 32,106.

*R. S. Thornton,* for relators.
*Kenneth H. Dell,* for respondent.

STONE, JUSTICE.

*Certiorari* to the industrial commission to review an award of workmen's compensation.

Petitioner, respondent here, met serious injury while cutting cordwood for relators on land owned by them near Alexandria. The award is challenged upon two grounds.

The claim that petitioner was an independent contractor and not an employe cannot be sustained as against the adverse finding of the commission. Petitioner was employed to cut the wood at stated prices per cord, hardwood to be paid for at a somewhat higher rate than soft. Relators' argument that there was a definite contract to cut 100 cords or more was met by testimony

[1]Reported in 288 N. W. 854.

for respondent that no definite amount was agreed upon. In short, the testimony for respondent is easily open to the construction that he was simply told to go to work at the stated prices. Furthermore, it is inferable that relators, as employers, had reserved the complete right of control and that they arbitrarily could have terminated the employment at any time. If so, respondent was employe rather than independent contractor. Wass v. Bracker Const. Co. 185 Minn. 70, 240 N. W. 464.

■ The remaining claim for relators is that they were farmers and that the work in question was a farming operation and so not subject to the compensation law. L. 1937, c. 64, § 4, 3 Mason Minn. St. 1938 Supp. § 4272-4.

Each of relators owns two or more farms. Both have been farmers in a real way, but for long have resided in Alexandria, their vocations apparently those of semi-retired farmers and capitalists in a modest way. For some years it has been their habit to cut wood for sale in Alexandria. They do not maintain their own "woodyard" in the old trade sense of that term. But as the wood is hauled into town it is stored on a lot belonging to one of them and retailed therefrom. Relators make deliveries themselves or by hired truck. The evidence shows that at one time, in addition to the wood from their own land, they bought from a neighboring farmer 196 cords for sale in town.

The wood lot whereon respondent worked was a tract of 72 acres, purchased by relators a few years before. It was not a farm, but was woodland in a farming community. There is no evidence that relators intended to convert it into a farm for their own personal use. For them it was a land speculation. In the meantime, they were cutting the wood so that they might realize something from its sale.

All this makes a close case. Clearing woodland, if a mere incident to farming operations, is itself a farming operation without the scope of the compensation law. Hagelstad v. Usiak, 190 Minn. 513, 252 N. W. 430. Here, however, the evidence is open to the conclusion that relators, independently of farming operations, had embarked upon the distinct business of dealing in wood.

Austin v. Leonard, Crossett & Riley, Inc. 177 Minn. 503, 225 N. W. 428. So we cannot overturn the finding of the fact triers, wherein that conclusion is implicit.

Respondent is allowed $50 for attorney's fees.

Order affirmed.