EBERLEIN and others, Respondents, vs. INDUSTRIAL COMMISSION and another, Appellants.

*March 13—April 15, 1941.*

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents there was a brief by *Eberlein & Eberlein of Shawano,* and oral argument by *M. G. Eberlein.*

WICKHEM, J. The question in this case is whether Eberlein & Eberlein, the employers, and Willard Tetting, the injured employee, were subject to the provisions of the Workmen's Compensation Act. Fred A. Eberlein and M. G. Eberlein own and operate a number of farms, one of which

is called the Wildwood farm. This farm contains three hundred acres, and most of the acreage is devoted to general farming operations. The partnership, however, devote a small portion of the farm to the raising of foxes and another small portion of the farm to the raising of ginseng, a root considered by the Chinese to have medicinal properties, and which, when harvested and prepared for use, is shipped to China. One checking account was maintained for the farm as a whole, but separate books were kept for the "Shawano Ginseng .Gardens" and the "Shawano Silver Black Fox Company," and these were treated and operated as separate businesses. At one time the partnership carried compensation insurance on its farm operations, but in 1931 they withdrew from the act "in so far as it affects farming. It will continue to operate under said act in so far as it affects the raising of foxes or any other of its business not within the designation of farm labor." It had an insurance policy in effect covering the fox farm and the ginseng gardens. Tetting, the employee, did general work on the farm. He also spent some time working on the fox farm and some time in the ginseng gardens. He was injured while husking corn. The Industrial Commission found that the employers and employee were under the act, and awarded compensation. The circuit court set aside the findings and order of the commission.

The question upon this appeal is whether ginseng raising is farming. Ginseng is raised under sheds, it being necessary to have plenty of shade in order to grow the plant. Beds are then made and elevated about eight inches from the ground, lined with boards and planks to make them about six feet wide and one hundred feet long. The seed is placed in these beds and takes some eighteen months to germinate. The small plants are allowed to stand for two years and then are transplanted. ·They must grow for five or ten years longer before a marketable crop can be harvested. The garden is hand-worked in much the same way as a hothouse. A

relatively large amount of labor is required as compared to ordinary farm work—at least four workmen to the acre. The fox farm is operated by building pens and sheds for the foxes which are kept in pairs and which have to be fed and cared for, and ultimately pelted and sold. This also requires specialized and different work from ordinary farm labor.

The case is not without some difficulty, but we conclude that it was properly disposed of by the trial court. In the case of *Pierce v. Industrial Comm.* 179 Wis. 189, 190 N. W. 80, this court held that a person owning six thousand acres of land along the Brule river on which he maintained a fish hatchery, deer pasture, sawmill, six or eight acres of lawn, and a vegetable garden was not engaged in farm labor, and gave compensation to a workman who was hurt in a portable sawmill. Of course, this case is not of great help since no general farming activities were conducted on the place. It was pointed out in that case, however, that an employer may have one or more business, trade, or occupation; that he may operate on the same or contiguous tracts, (1) a farm, (2) a sawmill, (3) a brickyard; that he may elect to be out of the compensation act for farming and still be within the act for the nonagricultural pursuits which his manufacturing activities constitute. So here it is undisputed that there was a complete separation of these three businesses, and that at the worst plaintiffs could separate them into three agricultural or farming pursuits and eliminate their liability on one or more and assume liability on the others. It is pretty clear to us that fox farming, when separately pursued, is not farming within the meaning of the statute, and that one who raises foxes as a separate pursuit is not a farmer. Thus, if one should buy a small tract of land appropriate for the raising of foxes and engage in no other agricultural pursuits, he would have no election to stay out of the Workmen's Compensation Act. When the tools, the amount, and type of labor required, and the hazards of workmen, income, and investment are con-

sidered, he must be treated as engaged in an industry. See *Hein v. Ludwig,* 118 Pa. Super. 152, 179 Atl. 917. The same conclusion applies to the raising of ginseng if the situation be limited as above. In such a case the analogy to the operation of a hothouse is very close. Such activities are not farming as that term is commonly understood and as the legislature must have understood it when the act was drafted. The real difficulty comes when a large tract of land, operated by the same person, is devoted to general farming, raising foxes, and raising ginseng. Is it here proper to consider the activities as a whole and where the major part of the activity is ordinary farming consider the business as farming, whatever the specialized raising of foxes and ginseng may be considered separately? Perhaps so, but we have not that case here and need not determine it. Neither the contiguity of the tracts nor the common ownership of the land and enterprises can overcome the unmistakable fact that the three enterprises were separately run as distinct businesses. So considered, there is no question that fox raising and ginseng gardening are not farming, and liability could be sustained by the owner under the act for these operations without imposing a liability upon him for the general farm operations. Since this conclusion is conceded to establish the correctness of the trial court's ruling, we deem further discussion unnecessary.

*By the Court.*—Judgment affirmed.