VOSS BROTHERS DAIRY· v. GARDNER et al.

No. 31469.    Feb. 6, 1945.

*155 P. 2d 727.*

Ames, Monnet, Hayes & Brown, of Oklahoma City, for petitioner.

Paul L. Washington, of Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents.

William M. Franklin and Clay M. Roper, both of Oklahoma City, amici curiae.

DAVISON, J.  This is an original proceeding in this court by Voss Brothers Dairy, hereinafter referred to as petitioner, to review an award for compensation which was made by the trial commissioner and affirmed by the State Industrial Commission in favor of H. F. Gardner, hereinafter referred to as respondent or claimant.

The essential facts in this case are not in dispute. Petitioner is the owner and operator of a 150-acre dairy, located in close proximity to the city limits of Oklahoma City, on which is kept from 150 to 200 head of milch cows, the milk from which is processed on the premises in the dairy operated by petitioner. Petitioner also maintains on the premises power-driven machinery which is used in the preparation of feed for the cattle comprising the dairy herd. That all the milk produced at the dairy was sold, mostly to wholesale customers. Five trucks were used in delivering the milk. These trucks had the words "Voss

Bros. Dairy" painted on them. Apparently these trucks are owned by individuals who buy the milk from and at the dairy at a fixed price. The testimony as to the ownership of the trucks is not entirely satisfactory.

The respondent was employed at said dairy. While engaged in the preparation of feed for the herd his hand was caught in a power-driven hammer mill and he lost three fingers.

Petitioner denied liability on the ground that the injury had not been sustained in a compensable employment since the operation of a dairy constituted engaging in agriculture and excluded the respondent from the benefits which he would otherwise have been entitled to receive under the Workmen's Compensation Act.

The petitioner contends that the operation of a dairy constitutes engaging in agriculture, and is therefore an employment which is excluded from the provisions of the Workmen's Compensation Act; that the petitioner conducted two types of business and that respondent sustained his injury in farming operations, a purely noncompensable employment.

The respondent contends that the amendment of May 14, 1941 (Title 85 S.L. 1941, ch. la), by the inclusion "dairies operated by power" in the employments defined as hazardous and the removal of the word "dairy" from the definition of hazardous employment in O.S. 1931 § 13350, subd. 1, changed the law which had theretofore prevailed and rendered employment in dairies operated by power compensable, irrespective of the place where said business was carried on, or the relation which the same might have to any other business of the employer.

Before the enactment of House Bill No. 159 (Title 85, S.L. 1941) all persons engaged in mechanical labor in agriculture, horticulture, or stock raising were excluded from the operation and effect of the Workman's Compensation Act, but House Bill No. 159, supra was effective to create a change in the law of this state. After its effective date "dairies operated by power" fell within the provisions of the act, even though other forms of agricultural labor remained outside the field of the compensation law. The exact meaning of the word "dairy" as used in the statute is not easily ascertainable and leaves the question of intent of the Legislature somewhat questionable.

This case is not without some difficulty, and we can see wherein a case involving a farmer, whose dominant business was that of farming, but who had a few milch cows, which were milked with automatic milkers and fed with food prepared by a power-driven grinder, and who sold the milk as an incident to his business of farming, would bring about an extremely difficult question under the wording of the statute being considered herein. Since agriculture is excluded from the act and dairies operated by power are included, many serious questions might arise as to whether in a given state of facts a person is engaged in agriculture or in the dairy business; whether the farming is merely incidental to the dairy, or vice versa.

This court has held that the Workmen's Compensation Act recognizes the fact that the same employer may conduct different departments of business, some of which fall within the act and some which do not. Southwestern Cotton Oil Co. et al. v. Spurlock et al., 166 Okla. 97, 26 P. 2d 405.

It has also been said, where dairying on a farm, by a farmer who does some tilling of the soil, reaches large proportions, so that such dairying is no longer a mere incident to farming, that the recent tendency of modern legislation is to divide the workers into farm laborers (i.e., those who till the soil) and dairy workers, and require insurance for the dairy workers. Horovitz on Workmen's Compensation, page 221; also, see Eberlein v. Industrial Commission, 237 Wis. 555, 297 N.W. 429; Stahl v. Patrick, 206

Minn. 413, 288 N.W. 854; In re Keaney, 217 Mass. 5, 104 N.E. 438; Hamilla v. Gade, 298 N.Y.S. 809.

In the case of Beyer v. Decker, 159 Md. 289, 150 Atl. 804, it was said by the Maryland court that:

"It may be there are dairying operations now carried on upon such a scale or under such circumstances that they could not properly be classed as agricultural . . . ."

Applying this line of reasoning to the case at bar, we must approve the order and award of the State Industrial Commission. Power was used in connection with the operation of the dairy and the claimant was injured while operating a power-driven hammer mill used to prepare feed for the dairy herd.

We have considered all of the many cases cited in the brief of petitioner, and also in an amicus curiae brief, but from our examination of these cases we find and conclude that the facts in said cases do not correspond to the facts in the case at bar, nor to the particular statute herein involved, and the reasoning therein does not justify a reversal of this cause.

We are of the opinion, and hold, that under the facts of this case the respondent was working in a dairy operated by power, and that at the time of his injury he was engaged in work as a dairy laborer and not as an agricultural laborer. We further conclude that the statute in question was passed by the Legislature with the intent to include such a workman as here involved.

The order and award of the commission is affirmed.

HURST, V.C.J., and OSBORN, BAYLESS, WELCH, CORN, and ARNOLD, JJ., concur. GIBSON, C.J., dissents.