BILLEN'S DAIRY et al. v. ANDERSON et al.

No. 31904. Dec. 4, 1945.

Rehearing Denied Jan. 8, 1946.

*164 P. 2d 864.*

Looney, Watts, Fenton & Eberle, of Oklahoma City, for petitioner.

Harry Neuffer, of Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. On the 3rd day of February, 1944, Norman V. Anderson, hereinafter called respondent, filed his first notice of injury and claim for compensation stating that he sustained an accidental injury arising out of and in the course of his employment with Leonard Billen, operating under the name of Billen's Dairy, hereinafter called petitioner, when he caught his hand in a hammer mill while grinding feed. On the 8th day of July, 1944, an award was entered and petitioner seeks to review the award.

The extent of disability, its connection with the accidental injury, and the amount of the award are not at issue. The evidence discloses that petitioner runs a dairy and has a herd of approximately 85 cows. It is modernly equipped with machinery incident to the trade of a dairy and respondent was employed to operate the machinery, clean up the premises, feed the cattle, and was known as an "extra hand". This is not denied. It is not even seriously suggested that the employees of a dairy such as operated by petitioner are not within the terms of the Workmen's Compensation Law. Petitioner asserts that he operated two lines of business. The first a dairy; the second a farm, and that respondent was an employee of his farm, and that he was, as such employee, grinding corn for the cattle when he sustained the accidental injury of which complaint is made. Petitioner insists that the case comes within the rule anounced in Clinton Cotton Oil Co. v. Holdman, 174 Okla. 423, 50 P. 2d 732, and related cases, to the effect that where an employee is engaged part of the time in a hazardous occupation enumerated and covered by the Workmen's Compensation Law and part of the time is engaged in a nonhazardous occupation not enumerated and not included in the provisions of the Workmen's Compensation Law and is injured in said nonhazardous employment, the State Industrial Commission is without jurisdiction to award compensation for such injury.

In Voss Bros. Dairy v. Gardner, 195 Okla. 118, 155 P. 2d 727, we held that one employed on a dairy on which is kept from 150 to 200 head of milk cows, and where the milk is processed on the premises by the dairy owner, and where power-driven machinery is used in the preparation of feed for the cows comprising the dairy herd, and where all the milk produced is sold, and where he is accidentally injured while operating such machinery, he is entitled to compensation under the Workmen's Compensation Act, by virtue of 85 S. L. 1941, ch. 1a, 85 O. S. 1941 §§ 2, 3, 22, 41. In Wilson & Co., Inc., v. Musgrave, 180 Okla. 246, 68 P. 2d 846, we held that when the work of an employee is manual or mechanical and is connected with, incident to, and an integral part of, a business or industry enumerated in and defined as hazardous by the Workmen's Compensation Law, such employee is both protected and bound by the provisions of said act, notwithstanding the fact that such work may be performed in a room or place or under conditions not inherently hazardous.

The feeding of the cattle, the grinding of the corn for feed, the running of the machines, the cleaning up of the premises, were all incident to and connected with his employment with the dairy. The employment of respondent insofar as it partook of farming in any respect was rather an incident to his employment with the petitioner's dairy.

It is argued that the evidence showed that the petitioner had other stock, at least one horse that ate the ground corn, and that there were other evidences indicating that the petitioner was a farmer. Leonard Billen, owner and operator of the dairy, when asked a question warranting the reply, stated that his only business was producing milk. It is admitted that the production of milk was in connection with the operating of the dairy.

This is the single issue presented in the two propositions briefed by the petitioner.

The award is sustained.

HURST, V. C. J., and RILEY, CORN, DAVISON, and ARNOLD, JJ., concur. GIBSON, C. J., dissents.