F. L. MILLWEE DAIRY, Petitioner,

v.

Josie Ruth COFFELT, Fermon Hatcher, and State Industrial Commission of Oklahoma, Respondents.

No. 36597.

Supreme Court of Oklahoma.

March 22, 1955.

Rehearing Denied April 19, 1955.

Original proceeding brought by F. L. Millwee Dairy, petitioner, to review an award of the State Industrial Commission made to Josie Ruth Coffelt, claimant. Award sustained.

Edwin Langley, Muskogee, Pierce, Mock & Duncan, John R. Couch, Oklahoma City, for petitioner.

Fermon Hatcher, Pauls Valley, Mac Q. Williamson, Atty. Gen., for respondents.

CORN, Justice.

Josie Ruth Coffelt, hereinafter called claimant, filed her first notice of injury and claim for compensation stating that on July 27, 1953 she sustained an accidental injury, arising out of and in the course of her employment in the dairy owned by F. L. Millwee, hereinafter called petitioner. She was asphyxiated from gas fumes and as a result lost consciousness, fell against the hot water heater, received burns on her left arm and left hand, and as the proximate cause thereof the left thumb and index finger had to be amputated. The State Industrial Commission found Elmer Olds operated the dairy as an independent contractor. An award was entered against him primarily and a secondary award was entered against the petitioner.

Petitioner has brought this proceeding to review the award. The cause and extent of the disability is not in dispute and it is not denied that the injury arose out of and in the course of employment.

Petitioner raises the single issue that the State Industrial Commission erred as a matter of law in finding that claimant was an employee of a dairy operated by power as defined in 85 O.S.1951 § 2.

The record discloses that petitioner owns a dairy approximately 8½ miles northwest of Ft. Cobb, Oklahoma. On the date of the injury the dairy was being operated by Elmer Olds who was paid $350 per month by petitioner. Claimant, a 15 year old girl, was paid fifty cents per hour to clean up the dairy barn, clean the milk cans and other equipment. She testified that 120 cows were milked at the dairy. Petitioner testified that 85 to 90 cows were milked; electric milking machines were used in the milking and the milk was stored in an electric cooler where it remained until it was sold under contract to a local creamery.

In Voss Bros. Dairy v. Gardner, 195 Okl. 118, 155 P.2d 727, we considered for the first time what constituted a dairy under the above section of the statute. In the syllabus it is stated:

"Where claimant is employed on a 150 acre dairy on which is kept from 150 to 200 head of milch cows, and where the milk is processed on the premises by the dairy owner, and where power driven machinery is used in the preparation of feed for the cows comprising the dairy herd, and where all the milk produced is sold, and where claimant is accidentally injured while operating such machinery, he is entitled to compensation under the Workmen's Compensation Act, by virtue of 85 S.L.1941, Chapter 1a, 85 O.S.1941, §§ 2, 3, 22, 41."

In the body of the opinion we said:

"This case is not without some difficulty and we can see wherein a case involving a farmer, whose dominant business was that of farming, but who had a few milch cows, which were milked with automatic milkers and fed with food prepared by a power driven grinder, and who sold the milk as an incident to his business of farming, would bring about an extremely difficult question under the wording of the statute being considered herein. Since agriculture is excluded from the act and dairies operated by power are included, many serious questions might arise as to whether in a given state of facts a person is engaged in agriculture or in the dairy business; whether the farming is merely incidental to the dairy, or vice versa."

Claimant established beyond dispute that petitioner was the owner of a dairy operated by power, paying an operator $350 per month; that at least 85 cows were milked

daily and that the milk was placed in electric coolers and sold to a creamery. This established an employment hazardous by statute, 85 O.S.1951 § 2. Petitioner states that it will be assumed in the absence of positive proof to the contrary the dairy was a mere incident to farming. We do not agree. Since the evidence disclosed the conditions as above set out claimant had established her employment within the statute. If petitioner wished to show that operations on this scale were a mere incident to a greater agricultural pursuit he should have produced evidence to disclose that. We are of the opinion, and hold that the evidence supports the finding that claimant was an employee of a dairy operated by power as defined by the statute.

Award sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.