321 P.2d 704 (1957)
In the Matter of the Death of Thomas Benjamin GREENWOOD.
TOWNLEY DAIRY FARMS, a partnership, Petitioner,
v.
Bernice GREENWOOD, Administratrix of the Estate of Thomas Benjamin Greenwood, deceased, and State Industrial Commission, Respondents.
No. 37589.
Supreme Court of Oklahoma.
October 22, 1957.
Rehearing Denied December 10, 1957.
Application for Leave to File Second Petition for Rehearing Denied February 18, 1958.
Lybrand & Morgan, Miskovsky & Miskovsky, Oklahoma City, for petitioner.
Ted Foster, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.
*705 HALLEY, Justice.
Claimant, Bernice Greenwood, widow of Thomas Benjamin Greenwood, filed her claim for compensation under the death benefit provision of the Workmen's Compensation Law, 85 O.S. 1951, § 1 et seq., stating that Thomas Benjamin Greenwood died from an accidental injury arising out of and in the course of his employment with Townley Dairy Farms, a partnership, on the 30th day of April, 1956. The State Industrial Commission entered an award for the maximum amount of $13,500 for the widow and dependents as provided by law. This proceeding is brought by Townley Dairy Farms, a partnership, hereinafter called petitioner, to review the award.
*706 The record discloses that Thomas Benjamin Greenwood, hereinafter called decedent, was employed as a route man for petitioner; that he was one of forty-two route men. His duties were to deliver milk and other dairy products to customers on his route for which he received a commission. None of his duties took him into the creamery. His products were packed by him into his motor driven truck and when his route was completed he was through for the day. He collected for each item sold when delivered or charged the same in an account book and collected periodically. On the 30th day of April, 1956, he was killed while driving a delivery truck when it collided with another truck driven by a third party at Thirty Second and South Olie Street in Oklahoma City. The cause of the accidental injury resulting in death is not an issue in this proceeding.
Petitioner raises five propositions in presenting the single argument that a route man such as decedent, selling and delivering to retail customers is not an employee in hazardous employment within the meaning of 85 O.S. 1951 §§ 2 and 3. Petitioner has cited and relied on a number of cases but bases the chief argument on Beatrice Creamery Co. v. State Industrial Commission, 174 Okl. 101, 49 P.2d 1094, in which this Court held that a deliveryman for a creamery was not an employee engaged in hazardous employment under 85 O.S. 1951 § 1 et seq.
Employment in a creamery wherein power driven machinery is used is hazardous by virtue of 85 O.S. 1951 §§ 2 and 3; Voss Brothers Dairy v. Gardner, 195 Okl. 118, 155 P.2d 727; Billen's Dairy v. Anderson, 196 Okl. 302, 164 P.2d 864; Preferred Accident Ins. Co. of N.Y. v. Van Dusen, 202 Okl. 124, 210 P.2d 341. The petitioner was operating a creamery.
In Allen v. State Industrial Commission, 183 Okl. 585, 83 P.2d 808, we stated the rule announced in Beatrice Creamery Co. v. State Industrial Commission, supra, had been modified by Pemberton Bakery v. State Industrial Commission, 180 Okl. 446, 70 P.2d 98, and held a deliveryman on a route delivering for a creamery was engaged in hazardous employment within the meaning of the Workmen's Compensation Law. Petitioner disagrees with the rule therein announced and argues that Beatrice Creamery Co. v. State Industrial Commission, supra, is still the law and authority for the rule that a deliveryman for a creamery cannot be awarded compensation as an employee engaged in hazardous employment.
A discussion of the cases subsequent to the opinion in the Pemberton Bakery v. State Industrial Commission, supra, and relied upon in Allen v. State Industrial Commission, supra, will be helpful. Beatrice Creamery Co. v. State Industrial Commission, supra, has been cited in Klein v. State Industrial Commission, 181 Okl. 395, 74 P.2d 386; Chatham v. Arrow Drilling Co., 183 Okl. 243, 80 P.2d 944; Oklahoma Power & Water Co. v. State Industrial Commission, 184 Okl. 447, 87 P.2d 969; W.H. Butcher Packing Co. v. Hixon, 189 Okl. 700, 119 P.2d 1019; Renner v. Board of Com'rs of Lincoln County, 195 Okl. 400, 158 P.2d 341; Preferred Accident Ins. Co. of N.Y. v. Van Dusen, supra; Dalton Barnard Hardware Co. v. Gates, 203 Okl. 268, 220 P.2d 249; and Fetteroff v. State Industrial Commission, 207 Okl. 77, 247 P.2d 505. In Renner v. Board of Com'rs of Lincoln County, supra, claimant was employed by the highway department of that county. He was sent by a member of the Board of County Commissioners to terrace a farm with a power driven grader. An award made by the State Industrial Commission was vacated. In Fetteroff v. State Industrial Commission, supra, one of the later cases in which Beatrice Creamery Co. v. State Industrial Commission, supra, was cited, claimant employed in a bakery, was granted an award and the award was sustained. We see no need to review the fact situation in each of the remaining cases. With the exception of Chatham v. Arrow Drilling Co. and Allen v. State Industrial *707 Commission, supra, they do not involve the hauling, transportation or delivery of any goods or material for a business or industry defined as hazardous.
In Chatham v. Arrow Drilling Co., supra, an employee of the drilling company was hauling a rig from one location to another. Therein is the following statement [183 Okl. 243, 80 P.2d 948]:
"In the instant case there is absolutely no testimony to show that the Arrow Drilling Company was engaged in drilling oil wells. Neither does the record disclose that petitioner's duties consisted wholly or partly in delivering pipe and other material to or from a place or places where oil well drilling was being done or that his duties were connected with, incident to, and integral part of any business or industry enumerated in and defined as hazardous by the Workmen's Compensation Law. * * *"
In Sterling Milk Products Co. v. Underwood, 167 Okl. 361, 29 P.2d 937, 938, it is stated:
"* * * On the other hand, one who packs and delivers merchandise for a wholesale mercantile establishment falls within the provision of the Workmen's Compensation Act even though he also acts as a traveling salesman. Nash Finch Co. v. Harned, 141 Okl. 187, 284 P. 633."
Decedent was an employee of one of the lines and industries mentioned in 85 O.S. 1951 §§ 2 and 3, to-wit, creamery. Voss Brothers Dairy v. Gardner and Preferred Accident Ins. Co. of N.Y. v. Van Dusen, supra. At the time of his injury he was doing something incident to that employment, to-wit, delivering the products of the creamery. Pemberton Bakery v. State Industrial Commission, supra. He was therefore entitled to an award as an employee engaged in hazardous employment.
The rule established in Mid-Continent Petroleum Corp. v. Harris, Okl., 289 P.2d 147, is not applicable to this case as no departmentalization is established here.
Award sustained.
CORN, V.C.J., and DAVISON, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.