In the Matter of the Claim of DEAN F. AARON, Appellant, against GERALD L. SCUTT et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a claimant from a decision of the Workmen's Compensation Board which reversed the decision of a Referee and disallowed the claim on the ground that claimant was a farm laborer, and not an employee within the meaning of the Workmen's Compensation Law, and on the further finding that the policy of insurance issued by the carrier did not cover farm

operations. Claimant was injured while operating a corn picking machine on December 29, 1954, and his injuries resulted in the loss of use of his right hand. The farm on which the accident occurred was leased by the Scutt family composed of Mr. and Mrs. Orson Scutt and their son Gerald. Adjacent to this farm was another parcel of land owned by the parents of Gerald Scutt and upon which there was located a dairy plant. The dairy plant and the machinery in connection therewith was owned by Mr. Orson Scutt although it could be found from the testimony that both the farm and the dairy plant were operated as one concern under a loose family relationship. Milk was sold from the dairy plant to the public and the entire process of preparing the milk for sale to the public was taken care of by employees at the plant. A separate manager was employed there. Claimant herein was hired by the respondent Gerald L. Scutt, and there is substantial testimony to the effect that he was hired as a farm hand principally for the purpose of picking corn on the leased farm. At the time of the accident there was in effect a standard Workmen's Compensation and employer's liability policy issued to "Orson L. Scutt d/b/a Scutt's Dairy". This policy provided that it was to cover "Milk Depots or Milk Dealers — including preparation of products for distribution; route supervisors; Salesmen; Drivers, Chauffeurs and their Helpers". It did not by its terms cover any farm operations. In addition to this the agent who issued the policy testified that prior to its issuance he inspected the premises and was told by those in charge thereof that only the milk depot was to be covered, and that the owners did not want any farm operations covered by the policy. On the basis of the foregoing facts which are clearly supported by substantial evidence we can find no error of law requiring a reversal of the board's determination. Decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ.