[No. 35600.   Department One.   March 2, 1961.]

WILLIAM J. WINEBERG, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

*Donald Simpson*, for appellant.

*The Attorney General* and *James E. Nelson, Assistant*, for respondent.

PER CURIAM.—Appellant Wineberg, who operates a dairy farm and creamery, appeals from a judgment upon a verdict affirming an order of the Board of Industrial Insurance Appeals rejecting his employee's claim for industrial insurance.

The employee, Turner, was a maintenance man who worked both in the commercial creamery and on the dairy farm. The injury occurred while Turner was replacing light bulbs in the barn so that other employees could see to move hay.

The Supervisor of Industrial Insurance, the Board of Industrial Insurance Appeals, and the superior court jury all found that the injury occurred while the employee was working on the dairy farm and not while in the commercial creamery.

■■  The test of the application of the Industrial Insurance Act is whether the employer's business has been

[1]Reported in 359 P. (2d) 1046.

classified by law as extrahazardous, regardless of the fact of hazard, and whether the employee was so engaged at the time of injury. *Edwards v. Department of Labor & Industries,* 146 Wash. 266, 262 Pac. 973. The legislature has never classified agriculture pursuits as extrahazardous. *Berry v. Department of Labor & Industries,* 11 Wn. (2d) 154, 118 P. (2d) 785, 140 A. L. R. 392.

The law is that commercial creamery employment is under the Industrial Insurance Act while agricultural employment is not. The jury was so instructed.

Affirmed.