[No. 109-3. Division Three. December 8, 1970.]

LANORE S. BOWEN, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*

*Slade Gorton, Attorney General,* and *William T. Scharni-kow, Assistant,* for appellant.

*John E. Calbom,* for respondent.

EVANS, C. J.—This is an appeal by the Department of Labor and Industries from a judgment of the superior court reversing the decision of the Board of Industrial Insurance Appeals and ordering the department to allow a claim filed by respondent Lanore S. Bowen.

Respondent was employed by Dari-Land, a partnership engaged in dairy farming, commercial dairy operations, and retail sales of milk and milk products. One of the farms owned by Dari-Land is located in Othello, Washington. The bulk of the milk produced on this farm is processed and bottled and the finished product is sold at retail outlets owned by the partnership in Othello and Moses Lake. The balance of the production on the Othello farm, with the exception of one home delivery, is sold to drive-in restaurants. The milk produced on the other dairy farm owned by Dari-Land was sold to commercial dairies.

Dari-Land's retail outlet in Moses Lake is located in a small building. Customers make their purchases either at a drive-by window or by entering a salesroom containing a display case. A sizeable portion of the building was devoted to refrigerated storage and display cases.

Respondent was employed 5½ hours a day selling milk and milk products in that store. She also cleaned the establishment and stocked the display case with milk. When empty bottles were brought back to this store she placed them in the racks which were used by her employer to haul the bottles back to the farm to be refilled. Respondent neither unloaded the bottles from the truck nor loaded the empties back onto the truck.

Respondent injured her back while handling milk con-

tainers in the store during the course of her employment. This injury is the basis of her claim.

The issue before the court is whether plaintiff was employed in extrahazardous work so as to bring her within the compulsory provisions of RCW 51.20.400.

■ As stated in *DeHaas v. Cascade Frozen Foods, Inc.,* 23 Wn.2d 754, 760, 162 P.2d 284 (1945):

> Unless an employee is engaged in one of the enumerated extrahazardous occupations, or in an occupation classified by the department as extrahazardous under the authority of law, he is not within the compulsory operation of the act.

But the question of whether an employee's occupation is extrahazardous is determined by the employer's business.

> The test of the application of the Industrial Insurance Act is whether the employer's business has been classified by law as extrahazardous, regardless of the fact of hazard, and whether the employee was so engaged at the time of injury. *Edwards v. Department of Labor & Industries,* 146 Wash. 266, 262 Pac. 973.

*Wineberg v. Department of Labor & Indus.,* 57 Wn.2d 779-80, 359 P.2d 1046 (1961).

■ Both parties agree that before the business of respondent's employer can be classified as extrahazardous it must be found to come within the provisions of RCW 51.20.400, Class 40:

> If a separate distinct commercial dairy or creamery operation is operated in connection with a dairy farm, this class 40-2 will apply to all workmen employed within that separate distinct operation. The operations in connection with the actual dairy farming may be covered under Elective Adoption, class 48-3.

Appellant argues that respondent was not employed by Dari-Land in the "commercial dairy or creamery" aspect of its business. Therefore, Mrs. Bowen was not covered by the act. This argument is well taken. Where an employer at one and the same time is engaged in two distinct employments, one of which is extrahazardous and within the scope of the statute, while the other is not, the activity in which

the employee is engaged at the time of the injury determines whether the act applies. *Berry v. Department of Labor & Indus.,* 11 Wn.2d 154, 118 P.2d 785, 140 A.L.R. 392 (1941); *Colburn v. Department of Labor & Indus.,* 63 Wn.2d 965, 390 P.2d 10 (1964). Dari-Land, the employer, was engaged in three distinct employments: dairy farming, commercial dairy operation, and retail sales. The respondent was engaged solely in retail sales of milk and milk products in a retail store. Her contact with the commercial dairy operation was limited to receiving the finished product. Retail clerks do not come within the compulsory provisions of the Industrial Insurance Act.

■ Respondent contends that her duties at Dari-Land's retail store placed her within the category of helpers and drivers provisions of RCW 51.20.400, Class 40. This enactment provides, in part, for coverage under the act for drivers and helpers in creameries and dairy operations. It is obvious that the legislature intended this provision to apply to drivers and those who aid them in unloading and loading trucks. Respondent's duties were limited to stocking the shelves with milk bottles after they were unloaded from trucks and brought into the building. When empty bottles were returned by customers they were placed in racks and the racks were stacked six high. These racks were placed on the truck without respondent's aid. Respondent's activities were those of a retail clerk and nothing more than an effort to maintain an orderly place of business.

Respondent requests an "additional judgment" for costs and reasonable attorney's fees on appeal. There are no provisions for attorney's fees or costs in an appeal to an appellate court in industrial insurance cases. *O'Brien v. Industrial Ins. Dep't,* 100 Wash. 674, 171 P. 1018 (1918).

Judgment reversed.

GREEN and MUNSON, JJ., concur.