**Vernon T. WHITWORTH, Petitioner,**

v.

**MELVIN WEST/WEST DAIRY, Respondent.**

**No. 73647.**

Court of Appeals of Oklahoma,
Division No. 3.

May 8, 1990.

Rehearing Denied June 19, 1990.

Certiorari Denied Sept. 25, 1990.

W.E. Sparks, Tulsa, for petitioner.

Rex D. Brooks, Oklahoma City, for respondent.

## MEMORANDUM OPINION

BAILEY, Judge:

Petitioner Vernon T. Whitworth (Claimant) seeks review of the Trial Court's order dismissing his claim for lack of jurisdiction. Respondent Melvin West (Employer) operates a dairy farm, with a herd of about 300 cows, and sells all his milk to a wholesale milk producers' association. Employer hired Claimant to assist in the automated milking of the cows. As Claimant herded an uncooperative cow on foot, Claimant slipped and injured his back. At the time of the injury, Claimant was Employer's only employee, and Employer has never had an annual payroll in excess of $100,000 cash wages.

After hearing the above evidence, the Trial Court found:

THAT claimant was "employed in agriculture" and that respondent's gross annual payroll in preceding calendar year was less than $100,000.00 cash wages for agricultural workers.

THEREFORE this Court lacks jurisdiction (85 O.S. Section 2.1(3)).

In this original review proceeding of the Trial Court's order, Claimant asserts (1) that a dairy laborer is not an "agricultural" worker excluded from Workers' Compensation coverage under 85 O.S.1981 § 2.1(3), and (2) Claimant's work operating Employer's automated milking machines brings his injury within coverage of the Workers' Compensation Act as injury sustained in the "operation of motorized machines" under 85 O.S.1981 § 2.2. These statutes provide in pertinent part:

§ 2.1 **Employees excluded**

Commencing January 1, 1979, compensation provided for in the Workers' Compensation Act shall be payable to an employee for injuries arising out of and in the course of his employment. The Workers' Compensation Act shall not apply to the following employees:

.     .     .     .     .

3. Any person who is employed in agriculture or horticulture by an employer who had a gross annual payroll in the preceding calendar year of less than One Hundred Thousand Dollars ($100,000.00) cash wages for agricultural or horticultural workers.

85 O.S. § 2.1.

## § 2.2 Agricultural employees not engaged in operation of motorized machines—Exemption

Notwithstanding any other provision of law, agricultural employees who are not engaged in operation of motorized machines shall be exempt from coverage of workers' compensation.

85 O.S. § 2.2.

■ Historically, we note that up until January 1, 1979, 85 O.S. § 2 specifically included within coverage of the Workers' Compensation Act injuries sustained by employees working in "creameries or milk processing plants operated by power" as injuries sustained in a "hazardous employment." Thus, there appears a body of caselaw decided under 85 O.S. § 2 and predating §§ 2.1 and 2.2 which approves compensation for job-related injuries sustained by employees of dairies and related businesses. See, e.g., *In re Greenwood,* 321 P.2d 704 (Okl.1958); *F.L. Millwee Dairy v. Coffelt,* 282 P.2d 218 (Okl.1955); *Preferred Acc. Ins. Co. of N.Y. v. Van Dusen,* 202 Okl. 124, 210 P.2d 341 (1949); *Billen's Dairy v. Anderson,* 196 Okl. 302, 164 P.2d 864 (1946); *Voss Bros. Dairy v. Gardner,* 195 Okl. 118, 155 P.2d 727 (1945); *Allen v. State Industrial Commission,* 183 Okl. 585, 83 P.2d 808 (1938); *Beatrice Creamery Co. v. State Industrial Commission,* 174 Okl. 101, 49 P.2d 1094 (1935). However, (1) because § 2 has been repealed, and (2) because §§ 2.1 and 2.2 were in effect at the time of Claimant's injury, we do not deem these cases totally dispositive of the issue of the Trial Court's jurisdiction and/or the exclusion/exemption from Workers' Compensation Act coverage of Claimant's injury undisputedly arising out of and in the course of Claimant's employment on Employer's dairy farm operation. Further, and although the 1945 Oklahoma case of *Voss Bros. Dairy v. Gardner,* cited above, distinguishes between "agricultural" and "dairy" laborers, we find no recent Oklahoma decisions construing 85 O.S. §§ 2.1 and 2.2 to specifically include or exclude employees of a dairy farm as "agricultural" workers, and we treat the issue as one of first impression.

In that regard, Professor Larson notes eleven jurisdictions which specifically exclude farm and/or agricultural employees from worker's compensation coverage. 1C *Larson's Workmen's Compensation Law,* § 53.10, p. 9–189. Some jurisdictions permit agricultural employers to obtain worker's compensation insurance coverage for their employees at the employer's option. 4 *Larson's,* App. A, Table 4, p. App. A–4–1 et seq. Thirty-five jurisdictions include agricultural employees within coverage of their respective worker's compensation statutes, fifteen of which cover such employees the same as all other employees, and twenty of which impose some precondition on coverage; Oklahoma is one such jurisdiction which qualifies coverage. 4 *Larson's,* App. A–4–1; 85 O.S. § 2.1.

Professor Larson also notes an apparent trend in some jurisdictions to examine the nature of the "farm" activities to determine whether a particular injury falls within or without the agricultural exclusion. That is to say that where a "farmer does no more than go about and sell at retail the products of his own farm, he is still engaged in farming activities [and] labor that is merely incidental to selling a farm product ... is within the" exclusion of coverage. 4 *Larson's,* § 53.33, p. 9–205. See also, e.g., *Pestlin v. Haxton Canning Co.,* 299 N.Y. 477, 87 N.E.2d 522 (1949) (employee of commercial beet farm injured on tractor while operating machine for removal of beet tops; held, such work constituted farm labor, and award vacated). However, where a "farmer" is engaged in production of commodities for commercial marketing and sale to others, employees injured in the course of the marketing and sales of the commodity generally come within worker's compensation coverage. 4 *Larson's,* § 53.33; see also, e.g., *Stahl v. Patrick,* 206 Minn. 413, 288 N.W. 854 (1939) (employee hired to cut firewood injured; held, while clearing woodland for farming is mere incident to farming operation outside coverage, cutting firewood for profit independent of farm operations, and injury sustained therein within coverage of workers' compensation statute); *Dost v. Pevely*

*Dairy Co.*, 273 S.W.2d 242 (Mo.1954) (employee of commercial greenhouse operated by dairy company injured in fall while painting water tank; held, employee not within farm laborer exclusion, and sole remedy for injuries sustained lies under workers' compensation); *Eberlein v. Industrial Comm.*, 237 Wisc. 555, 297 N.W. 429 (1941) (employee of farm predominantly devoted to general farming operations, but where foxes were also raised, injured husking corn; held, while fox farming is not excluded "farming" under statute, employee injured while engaged in general farm labor excluded from coverage, and claim denied.)

Of those jurisdictions which either exclude or condition agricultural workers' coverage under state workers' compensation law, it appears that, generally, "dairy" laborers are considered to be "agricultural" workers so as to fall outside the penumbra of worker's compensation coverage. 4 *Larson's*, § 53.32; see also, *Buchanan v. Pankey*, 531 So.2d 1225 (Ala. App.1988) (employee "general farm laborer" of commercial dairy injured repairing tractor tire; held, milking cows, care of barns and tilling fields considered work of farm laborer and claim denied); *Oft v. Sims*, 142 Ga.App. 9, 235 S.E.2d 41 (1977) (dairy sold milk to milk processing company, and employee injured lifting feed bags; held, dairying constitutes branch of agriculture and claim denied); *Selvey v. Robertson, d/b/a Robertson's Dairy*, 468 S.W.2d 212 (Mo.App.1971) (employee of dairy killed en route to work; held, employment to milk cows historically and logically regarded as incident of farming, instant employee therefore engaged in farm labor, and claim denied); *Keeney v. Beasman*, 169 Md. 582, 182 A. 566 (1936) (employee of farm and dairy hired to milk cows and cultivate crops injured removing a tree stump from an alfalfa field; held, employee's work incidental to general farm labor and excluded from coverage); *Beyer v. Decker*, 159 Md. 289, 150 A. 804 (1930) (employee of farm and dairy injured delivering milk; held, employment incident to farming excluded from worker's compensation coverage and claim denied); *Plemmons v. Pevely Dairy Co.*, 241 Mo.App. 659, 233 S.W.2d 426 (1950) (employee gored by bull on farm operated by dairy company; held, employee's work and injury typically agricultural and claim denied); *Varela v. J.B. Mounho*, 92 N.M. 147, 584 P.2d 194 (App.1978) (employee of commercial dairy injured while steadying cow being milked; held, employee was farm laborer and claim denied); *Aaron v. Scutt*, 9 A.D.2d 816, 192 N.Y.S.2d 920 (1959) (employee of farm operated by dairy injured cutting corn; held, employment as farm laborer excluded from coverage and claim denied); *Matter of Claim of Davis*, 287 N.Y. 778, 40 N.E.2d 646 (1942) (employee of dairy farm injured cutting firewood; held, cutting firewood not incident of dairy operation and claim denied); *Wineberg v. Dept. of Labor & Indus.*, 57 Wash.2d 779, 359 P.2d 1046 (1961) (general maintenance employee of dairy farm and creamery injured changing light bulb in barn; held, dairy farming within farm labor exclusion and claim denied). But cf., *Voss Bros. Dairy*, 155 P.2d at 728 (employee of farm/commercial dairy injured by feed grinding machine; held, "dairies operated by power" specifically included in definition of hazardous employment under 85 O.S. § 2 not subject to farm labor exclusion, and award of benefits sustained); accord, *Billen's Dairy*, 164 P.2d at 865.

■ Under these authorities, and the facts and circumstances of this case, we conclude that the Trial Court properly disposed of the instant claim. Notwithstanding Employer's operation of a purely commercial dairy farm, we find Claimant's employment to care for and milk Employer's dairy cattle must be characterized as predominantly "agricultural" so as to bring his claim within the exclusion from coverage under § 2.1(3). *Plemmons*, 233 S.W.2d at 428; *Varela*, 584 P.2d at 196–197. Further, and notwithstanding Claimant's use of automated milking machines in the course of his employment, we find Claimant's position unaffected by § 2.2, as we hold the clear wording of § 2.2 only serves to further exclude "agricultural employees" from coverage if they do not "engage in operation of motorized machines," even if the employer's payroll exceeds the jurisdictional amount of § 2.1(3). Before a

claim such as is presented here for review may be held as compensable, we believe the Legislature must first amend §§ 2.1 and 2.2 to include employees such as Claimant herein.

No reversible error of law appears and the findings of fact by the Workers' Compensation Court are supported by sufficient evidence. The order of the Court is therefore SUSTAINED. Rule 1.202(b), Rules of Appellate Procedure, 12 O.S.1983 Supp., Ch. 15, App. 2.

HANSEN, P.J., and ADAMS, J., concur.