2009 OK CIV APP 108

**Courtney M. GILLESPIE, Petitioner,**

v.

**SATHERS FAMILY PARTNERSHIP and The Workers' Compensation Court, Respondents.**

**No. 106,988.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Nov. 20, 2009.

John Colbert, Ardmore, OK, for Petitioner.

Margaret A. Bomhoff, Bryan N.B. King, Fellers, Snider, Blankenship, Bailey & Tippens, P.C., Oklahoma City, OK, for Respondent Sathers Family Partnership.

KENNETH L. BUETTNER, Judge.

¶ 1 Courtney M. Gillespie seeks review of an order of a three-judge panel of the Workers' Compensation Court which affirmed the trial court's order denying Gillespie's claim for compensation because Gillespie was exempt from coverage under the Workers'

Compensation Act. Respondent Sathers Family Partnership (Employer) asserted Gillespie was not covered because she was an agricultural worker not operating motorized machines. We sustain.

¶ 2 Gillespie filed her Form 3 October 7, 2008, in which she alleged a single incident injury to the back, right leg and foot occurring September 11, 2008 when she was jerked by a horse. Employer filed its Form 10 January 23, 2009, in which it denied the claim pursuant to the exemption for agriculture workers not engaged in the operation of motorized machines.

¶ 3 Following trial held February 2, 2009, the trial court entered its Order Denying Claim February 6, 2009. The court held that Gillespie's injury was not the result of operation of motorized machines and that Gillespie therefore was exempt from coverage under the Oklahoma Workers' Compensation Act. Gillespie appealed the trial court order to a three-judge panel which affirmed.

¶ 4 The pertinent provision of the Act is 85 O.S.2001 § 2.2, which provides: "Notwithstanding any other provision of law, agricultural employees who are not engaged in operation of motorized machines shall be exempt from coverage of workers' compensation." The Act also provides that it does not apply to persons employed in agriculture by an employer who has a gross annual payroll of less than $100,000 per year. 85 O.S.2001 § 2.1(3). In this case, Employer concedes its payroll is more than $100,000 per year, but it asserts Gillespie is exempt from coverage as an agriculture worker not engaged in operation of motorized machines.

¶ 5 At trial, Gillespie testified she was injured while trying to halter-break a horse. She explained that the horse had the halter and rope on and Gillespie went to do a few chores. Gillespie returned, "picked up the rope, took a couple of steps towards her" when another horse stomped which "spooked the filly that I was working with and she jumped back and jerked me forward really hard...." Gillespie lost her balance and fell, injuring her back and right leg and foot.

¶ 6 Gillespie testified that she was employed as a ranch hand. Her first assignment was cleaning stalls and taking care of horses in the show barn. After a couple of months, Employer moved her to work in the stud barn. Gillespie was injured in the mares barn. Gillespie testified that her duties in the stud barn were "feeding, doctoring, cleaning, in and out of the stalls, sweeping." Gillespie testified that when she was assigned to the show barn, she used a "mule" vehicle every day to check on horses, to get feed and hay, to move manure, and to get bedding. Once she was moved to the stud barn, Gillespie used the mule a couple of times a week. Gillespie explained the mule is a motorized four-wheeler with a truck bed attached. Gillespie testified she did not move horses using a trailer. She testified when she first started her job she used a tractor two or three times. She normally walked between the barns, unless she needed to use the mule to haul something heavy.

¶ 7 The parties do not dispute that Gillespie was an agricultural employee. They dispute whether the evidence showed that Gillespie was "engaged in operation of motorized machines" so that she was covered under the Act. The exception in § 2.2 was first enacted in 1979. One published case has addressed § 2.2. In *Whitworth v. Melvin West/West Dairy,* 1990 OK CIV APP 35, 798 P.2d 228, the claimant was hired to assist in automated cow milking for a commercial dairy. He was injured when he slipped while herding a cow. In *Whitworth,* the employer's payroll was less than $100,000 per year. The court noted that when § 2.1(3) and § 2.2 were enacted in 1979, the provision of § 2, which labeled work in automated dairies as "hazardous employment" for workers' compensation purposes, was repealed. *Id.* at 230. The court affirmed the trial court's finding that the claimant was an agricultural worker so that the court was without jurisdiction under § 2.1(3). *Id.* at 231. The court noted the § 2.2 exemption, but concluded it applied only to agricultural workers whose employer's payroll exceeded the $100,000 limit provided in § 2.1(3). *Id.* The court held therefore that the claimant was not covered even though he was engaged in operating motorized machinery. *Id.*

¶ 8 Employer notes that the cases cited by Gillespie pre-date § 2.2.

¶ 9 In *Beatrice Creamery Co. v. State Indus. Com'n*, 1935 OK 914, 174 Okla. 101, 49 P.2d 1094, the Oklahoma Supreme Court noted that the employer's business was a creamery operated by power, which the Act at that time defined as a hazardous activity, but the claimant was employed as a truck driver delivering dairy products. The court held that even though the employer's business appeared to be covered, the claimant "was engaged in the operation of a motortruck and the sale and distribution of merchandise at the time of his injury .... consequently, respondent was not engaged in a hazardous employment within the provisions of the Workmen's Compensation Law...." *Id.* at 1096. In reaching its decision, the court noted its earlier holding that "admitting that the Southwestern Cotton Oil Company is primarily engaged in a hazardous business, in order to justify a recovery, claimant must show that at the time of his injury he was engaged in a branch or department of said business which is defined as hazardous by the Workmen's Compensation Act." *Id.,* citing *Southwestern Cotton Oil Co. v. Spurlock,* 166 Okl. 97, 166 Okla. 97, 26 P.2d 405, 406.

¶ 10 In this case, Gillespie was engaged by Employer as a ranch hand to take care of horses. At most she used motorized machines as an incidental part of her employment. She was not engaged in operating motorized machines at the time of her injury, which would appear to be a requirement to overcome the § 2.2 exemption. We hold the exemption from coverage applies because Gillespie was not engaged, or assigned, as any type of motorized machine operator at the time of her injury. Accordingly, the decision of the panel is SUSTAINED.

HETHERINGTON, J., concurs, and HANSEN, J. (sitting by designation), concurs in result.