## JULIO GUERRERO V. UNITED STATES FIDELITY & GUARANTY COMPANY.

No. 6758. Decided December 2, 1936.
Rehearing overruled January 6, 1937.
(98 S. W., 2d Series, 796.)

*W. L. Eason,* of Waco, for appellant.

Guerrero, at the time he was injured, was not a farm laborer, but was employed by one who was a mere dealer in nursery products. Belo v. Fechner, 42 S. W. (2d) 641; Fidelity Union Casualty Co. v. Carey, 38 S. W. (2d) 169; Id. (Com. App.), 55 S. W. (2d) 795.

*Naman, Howell & Brooks,* of Waco, for appellee.

Guerrero, being a farm laborer under the statute, it was proper to instruct a verdict for the insurance company. Hill v. Georgia Casualty Co., 45 S. W. (2d) 566; Southern Sur. Co. v. Inabnit, 119 Texas, 67, 24 S. W. (2d) 375; Ginn v. Forest Nursery Co., 52 S. W. (2d) 141.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This case is before the Supreme Court on certified question from the Court of Civil Appeals of the Tenth Supreme Judicial District. The certificate is very carefully prepared and we are unable to condense it in any respect. The following statement is taken from the certificate:

"The action was brought by United States Fidelity & Guaranty Company to set aside an award of the Industrial Accident Board. B. H. Derrick was the employer and Julio Guerrero was the employee and United Stattes Fidelity & Guaranty Company the alleged carrier. The employee filed the usual cross action to recover under the Workmen's Compensation Act. The pleadings were sufficient to support a judgment in his behalf. At the conclusion of the evidence, the trial court gave an instructed verdict in favor of the insurance company. The employee appealed.

"The instructed verdict was given on the theory that the employee at the time of his injury was engaged as a farm laborer in a nursery and consequently did not come within the protection of the Workmen's Compensation Act. It is appellant's contention that Derrick, the employer, was not a farmer or nurseryman in the true sense, but that he was a jobber or dealer in plants and consequently appellant as his employee was engaged in an occupation coming within the protection of the statute.

"There is no dispute in the evidence. The testimony shows that Derrick, the employer, had in his employment more than three employees and carried the usual workman's compensation policy issued by the above named company. At the time the employee was injured Derrick owned, or had in his charge, approximately four and one-half acres of land situated near the city of Waco. About one acre of this land was used for his residence, one and three-fourths acres as a greenhouse and the remainder for what was called the 'ball yard.' In the greenhouse Derrick seems to have carried on the usual business of a florist, growing pot plants and flowers for sale. About one-fourth of the pot plants handled by him were propagated and

grown by him entirely on his own premises. The other pot plants were purchased from outside sources and developed in the greenhouse. About one-fourth of the flowers sold by him were grown in the greenhouse and the others purchased from other sources. In addition to pot plants and flowers Derrick handled a general nursery stock. The nursery stock so handled by Derrick, which consisted of fruit and nut trees, evergreens and other shrubbery, was purchased by him from dealers in various parts of the State and shipped to Waco either by truck or railroad and there kept for sale to the public generally. The roots of these plants were usually, but not always, balled and burlapped when received by Derrick and so remained while kept by him. Usually these plants were purchased in August or September before the opening of the season and temporarily planted or 'healed out' on the 'ball yard' so as to keep them alive until sold to the consumer the following winter or spring. The surplus stock not sold during the season remained on the 'ball yard' and was carried over from year to year. Derrick did not do any budding or grow any original stock on his own premises. Frequently when Derrick sold trees or shrubbery he took the contract of planting same for the consumer. Guerrero was a common laborer, receiving $15.00 per week. It was his duty to 'heal out' or plant the newly purchased trees and shrubbery on the 'ball yard' and otherwise attend them for the purpose of keeping them alive, to dig and remove them from the 'ball yard' when sold and to dig the holes and fill in the dirt and otherwise assist the foreman in planting said plants at such places as might be selected by the consumer. All of his time was consumed in the above manner, except that on rare occasions he was called upon to assist in moving the pot plants from one place to another in the greenhouse. There is nothing to indicate that he had anything to do with the purchase or sale of plants nor with the hauling thereof, except that he assisted in loading the plants into the truck when they were ready for delivery to the consumer and assisted in unloading and planting the same. There is no evidence that he drove the truck used in hauling the plants. On the occasion of his injury Guerrero had been on a trip with Derrick's foreman to Coolidge, a town approximately thirty-five miles from Waco, for the purpose of assisting said foreman in the usual way in the planting of certain shrubbery which Derrick had sold to and had agreed to plant for a customer at that place. While returning to Waco in Derrick's truck driven by said foreman, Guerrero was injured.

"Based upon the foregoing facts, we submit the following issue for determination by the Supreme Court:

"Q. Did the trial court err in giving an instructed verdict in behalf of the insurance company?"

Under the provisions of the Workmen's Compensation Law "farm laborers" are excepted from its operations. In the case of Hill v. Georgia Casualty Company, 45 S. W. (2d) 566, the Commission of Appeals approved the following definition of "horticulture:"

"The cultivation of a garden or orchard; the science or art of growing fruits, vegetables, and flowers or ornamental plants. Horticulture is a branch of plant production, which is one of the main divisions of agriculture."

In the case of Gordon v. Buster, 113 Texas, 382, 257 S. W., 220, the Supreme Court held that the Legislature in enacting the Compensation Law intended to exempt the "farming and agriculture industry." On the theory that horticulture is one of the main divisions of agriculture, it was held in the Hill case that one who was engaged as a laborer for a nurseryman or in the nursery business was a "farm laborer" within the meaning of the statute and was excepted from the operation of the Compensation Law.

From this it follows that as concerns his business as a florist, in which Derrick was angaged in the growing of plants and flowers for sale, he was undoubtedly engaged in an agricultural pursuit, within the purview of prior decisions, and those working for him in that capacity were farm laborers.

In the business of buying and selling nursery stock, none of which was raised or grown by him, but merely put into the ground temporarily for preservation, Derrick was not engaged in agriculture. In that capacity he was not tilling the soil or engaged in the *growing* of the shrubbery. In buying and selling the nursery stock we think he was engaged as a *jobber or dealer* in articles or things, just the same as if he had been selling feedstuffs or plants and bulbs in a storeroom. In this respect he was following a different business from the business of keeping a greenhouse and growing flowers and plants.

The Honorable Court of Civil Appeals has sent up with its certificate the transcript, the statement of facts and the briefs of the parties. After a careful examination of all these documents we do not find anything indicating the terms of the policy of insurance issued by appellee. The statement of facts shows that it was offered in evidence and identified as Exhibit No. 6, but this exhibit cannot be found. From the foregoing

opinion it is evident that if the policy insured Derrick's employees in his capacity as a florist, then the trial court did not err in instructing a verdict. If the policy insured Derrick's employees in his capacity as a dealer in buying and selling nursery stock, then the question propounded should be answered in the affirmative. We are, therefore, not prepared to unqualifiedly answer the question and certify this opinion to the Court for its guidance.

Opinion adopted by the Supreme Court December 2, 1936.

Rehearing overruled January 6, 1937.