MARYLAND CASUALTY COMPANY V. HOMER DOBBS.

No. 6798.   Decided January 20, 1937.
(100 S. W., 2d Series, 349.)

*Richard H. Mercer,* of San Antonio, for plaintiff in error.

It was error to enter judgment for plaintiff who was at the time of his injury engaged in an agricultural pursuit which is exempt from and does not come under the compensation act of the State of Texas. Hill v. Georgia Casualty Co., 45 S. W. (2d) 566.

*Tom L. Hartley,* of Pharr, for defendant in error.

It was not error to enter judgment for plaintiff for per-

sonal injuries received by him, because he was not a farm laborer and his type of work and employment is not exempt by the statutes and his case comes within the compensation act of the State of Texas. Fidelity Union Casualty Co. v. Carey, 55 S. W. (2d) 795.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

Defendant in error, Homer Dobbs, was injured in the course of his employment while working for Hall-Prather Company as one of its employees. Plaintiff in error, Maryland Casualty Company, carried compensation insurance for the employer. The sole question in this case is whether or not defendant in error Dobbs, at the time he was injured, was a "farm laborer" within the meaning of Section 2 of Article 8306 of the Revised Statutes of 1925.

Hall-Prather Company was engaged in the business of spraying citrus orchards for various customers. It owned trucks with spraying machines constructed thereon, and employed several men, some of whom drove the trucks and others operated the spraying machines. Owners of citrus orchards customarily did not do their own spraying, but employed independent contractors for that purpose; these contractors going from place to place and serving various growers. The business of spraying trees and orchards is a well established independent business, or occupation. Defendant in error was not employed by any one engaged in the planting, or cultivation and growing of trees.

█ It is contended by plaintiff in error that defendant in error was a farm laborer, because he was engaged in horticulture, a branch of agriculture, and that the decision of the Court of Civil Appeals (70 S. W. (2d) 751), affirming judgment against it, is in conflict with the decision of the Supreme Court in the case of Hill v. Georgia Casualty Company, 45 S. W. (2d) 566. The application for writ of error was granted because of an apparent conflict. In the case of Hill v. Georgia Casualty Company, Hill was employed by Wolf who was engaged in the business of planting and growing pecan trees; in other words, was in the nursery business. We think the distinction is obvious. In this case Dobbs had nothing to do with the planting and growing of the citrus trees, but was engaged by an independent contractor in the independent business of spraying the trees. He was too far removed from the tilling of the soil and the cultivation of trees to be a farm laborer.

The question here is in principle decided in the recent case of Guerrero v. United States Fidelity & Guaranty Co., 128 Texas, 407, 98 S. W. (2d) 796.

In that case Derrick, the employee, was engaged in the business of a florist, and also in an independent business of buying and selling shrubbery. Guerrero was his employee. In that case we said:

"From this it follows that, as concerns his business as a florist, in which Derrick was engaged in the growing of plants and flowers for sale, he was undoubtedly engaged in an agricultural pursuit, within the purview of prior decisions, and those working for him in that capacity were farm laborers.

"In the business of buying and selling nursery stock, none of which was raised or grown by him, but merely put into the ground temporarily for preservation, Derrick was not engaged in agriculture. In that capacity he was not tilling the soil or engaged in the growing of the shrubbery. In buying and selling the nursery stock we think he was engaged as a jobber or dealer in articles or things, just the same as if he had been selling feedstuffs or plants and bulbs in a storeroom. In this respect he was following a different business from the business of keeping a greenhouse and growing flowers and plants."

By analogy the case of Industrial Commission v. Shadowen, 187 Pac., 926, by the Supreme Court of Colorado, is in point. In that case it was held that "one employed to operate an engine in a threshing outfit, which proceeded from place to place, threshing the grain of farmers for hire, was not a farm laborer within the meaning of the Compensation Law of that State." A similar holding was made in the case of Re Boyer, 65 Ind. App., 408, 117 N. E., 507, and in White v. Loades, 178 App. Div. (N. Y.), 236, 164 N. Y. S., 1023, and Vincent v. Taylor, 180 App. Div. (N. Y.) 818, 168 N. Y. S., 287.

■ This case originated in the Justice Court. Writ of error was granted on the alleged conflict. On mature consideration we conclude there is no conflict, and this Court is therefore without jurisdiction. The writ of error is accordingly dismissed.

Opinion adopted by the Supreme Court January 20, 1937.