## ELLIS v. CONTINENTAL CASUALTY CO.

### No. 9328.

Circuit Court of Appeals, Fifth Circuit.

Dec. 7, 1940.

Charles J. Lieck, of San Antonio, Tex., for appellant.

Allen V. Davis, of Corpus Christi, Tex., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This is a suit under the Workmen's Compensation Act of Texas to recover compensation for disabling injuries sustained by Albert Ellis in Hidalgo County, Texas; he fell from the ladder on which he was standing and was hurt. The District Court directed a verdict for the appellee on the ground that the evidence showed Ellis to be a farm laborer, and, as such, not covered by the compensation insurance. From the judgment entered thereon, Ellis appealed.

When Ellis received his injuries, he was engaged in picking oranges. His regular occupation during the gathering season was to pick citrus fruits. If he was employed by the insured, American Fruit Growers, Inc. (which is seriously questioned), the sole purpose of his employment, and the only duty he ever discharged, was the gathering of citrus fruits. This much is undisputed, and, in view of the conclusion we have reached, is all the evidence necessary to relate.

Section 2 of Article 8306, Revised Civil Statutes of Texas of 1925, provides that the Workmen's Compensation Law does not apply to farm or ranch laborers. The Texas courts have construed this provision to include, as one engaged in an agricultural pursuit, the operator of a nursery business.[1] Whether the occupation be

[1] Hill v. Georgia Casualty Co., Tex. Com.App., 45 S.W.2d 566; Guerrero v. United States F. & G. Co., 128 Tex. 407, 98 S.W.2d 796.

tilling the soil or growing an orchard, the performance of that work is divisible into three principal phases: the planting of the seed or shoot, the care and nurture of the developing product, and the harvest. When one works exclusively at any one or more of these phases, he is classified as a farm laborer. Construing this act, the term "farm-laborer" is given its broad and general meaning.[2]

Gathering fruit by hand is manual labor. The operation of an orchard is an agricultural pursuit. The performance of manual labor in an orchard upon the produce of the soil is farm work. When one's employment consists entirely of the performance of these duties, the only reasonable inference fairly to be drawn is that he is a farm laborer.

It is our opinion that the District Court correctly decided the status of the worker, and the judgment entered in accordance therewith is affirmed.

---

[2] Gordon v. Buster, 113 Tex. 382, 257 S.W. 220, 221.