DOCKERY *v.* THOMAS.

5-1065                                                      295 S. W. 2d 319

Opinion delivered November 12, 1956.

*J. B. Reed,* for appellant.

*Talley & Owen* and *Dale Price,* for appellee.

MINOR W. MILLWEE, Associate Justice. The question is whether appellee, William Earl Thomas, was engaged in an "employment" in "agricultural farm labor" at the time of his injury and, therefore, excluded from the benefits of the Workmen's Compensation Law. Sec. 2 C (1) of the Act (Ark. Stats., Sec. 81-1302 C (1)) provides in part: "Employment means: Every employment carried on in the State in which five (5) or more employees are regularly employed by the same employer in the course of business or businesses, except domestic service, agricultural farm labor . . ."

The facts are not in dispute. Appellee lives in Arkansas and is a licensed airplane pilot with long experience in the highly specialized activity of dusting or spraying crops by plane. Appellant, J. O. Dockery, is a resident of Stuttgart, Arkansas, where he owns and operates the J. O. Dockery Flying Service. In the operation of his business, appellant owns a fleet of planes which are used primarily in dusting or spraying crops all over the United States and are piloted by his employees on a percentage or commission basis.

In the Spring of 1954 appellant established a flying base at Clarksdale, Mississippi, near an area in which crops were plagued with an infestation of army worms.

Appellee was then employed as one of appellant's "duster pilots." On May 3, 1954, he was engaged in dusting an oat field belonging to one of the appellant's farmer-customers when the plane crashed and he received injuries for which he filed a claim for compensation before the Arkansas Workmen's Compensation Commission. A single commissioner and the full commission denied the claim on the ground that appellee was engaged in an employment in which he was performing "agricultural farm labor," within the meaning of the statute, at the time of his injury. On appeal to circuit court the order of the full commission was reversed. The court held appellee was not engaged in agricultural farm labor so as to exclude him from the benefits of the Compensation Act, and that the employment was covered by it.

Because of the difference in phraseology of workmen's compensation statutes and the varied local conditions and types of work respecting farming, no hard and fast rule can be laid down defining what particular kinds of work are within or without the several statutes. As the annotator points out in 35 A. L. R. 208: "The most that can be said is that an employee doing work for a farmer which is ordinarily incidental to farming as that occupation is generally understood is within the purview of the exclusion of farm laborers, unless, at the time of the injury, he was employed by a commercial concern under a contract to perform work for the farmer; while the doing of work not inherently farm work is not farm labor, though incidentally it may be at the instance of one actually engaged in farming."

In determining whether an employment is excluded from the provisions of the workmen's compensation statutes as "agricultural farm labor," or some similarly designated agricultural pursuit, the courts have used different tests. "In some cases, the character of an employment as agricultural, within the operation of the provision in question, has been determined by reference to the employment or industry as a whole, rather than by reference to the immediate or particular task or operation. In other cases, the character of the work actually

performed by the employee, and not the general occupation or purposes of the employer, has been made the test. Employees of independent contractors for the performance of work incident to farming operations have in many instances been held not to fall within the exception as to farm labor." 58 Am. Jur., Workmen's Compensation, Sec. 97. See also Larson, Workmen's Compensation Law, Sec. 53.33. It has also been held that in determining whether a claimant was employed in an agricultural pursuit at the time of an injury the Workmen's Compensation Act and all proceedings under it must be liberally construed with a view to effect the object of the law and to promote justice. *Mundell* v. *Swedlund,* 59 Idaho 29, 80 P. 2d 13.

In the two cases construing our exemption clause as to farm labor this court has apparently placed greater emphasis upon the nature and character of the employer's business than the character of the particular task performed by the employee at the time of injury. In *Gwin* v. *J. W. Vestal & Sons,* 205 Ark. 742, 170 S. W. 2d 598, a divided court held that a nightwatchman employed by a nursery to patrol and keep a constant temperature in the greenhouses was engaged in "agricultural farm labor" within the meaning of the Act. It was pointed out that claimant's employment was a necessary one in the employer's business of "floriculture or horticulture, which are embraced in the term agriculture." In *Great American Indemnity Co.* v. *Bailey,* 221 Ark. 469, 254 S. W. 2d 322, the claimant was employed by an incorporated cleaning establishment to look after horses, do other labor on a farm owned by the company and to work in the cleaning plant during rush hours. In holding that claimant was entitled to compensation benefits for injuries sustained in a fall from a tree while working at the farm, and that he was not an agricultural farm laborer within the meaning of the statute, the majority again stressed the character of the employer's business and the fact that the farm was maintained by the corporation for advertising purposes.

Although no case exactly in point with the facts here has been cited there are several decisions which in-

volve somewhat analogous situations. In *Maryland Casualty Co.* v. *Dobbs,* 128 Tex. 547, 100 S. W. 2d 349, the court held that one who was employed by an independent contractor engaged in the business of spraying citrus trees, but who had nothing else to do with the planting and growing of the trees, was not a "farm laborer" within the exemption clause of the Compensation Act. The court said such employee was too far removed from the tilling of the soil and the cultivation of trees to be a farm laborer within the meaning of the statute. The exemption has been denied in cases where the claimant was an employee of a farmer who engaged in threshing as a business and was injured while going about with the threshing machine. *Skreen* v. *Rauk,* 224 Minn. 96, 27 N. W. 2d 869.[1] The same result was reached where a farmer ground grain for himself and others and the employee claimant was injured while operating the grinder. *Hamilla* v. *Gade,* 278 N. Y. 502, 15 N. E. 2d 438. Other cases to the same effect are: *In Re Boyer,* 65 Ind. App. 408, 117 N. E. 507; *Roush* v. *Heffelbower,* 225 Mich. 664, 196 N. W. 185; *Industrial Commission* v. *Shadowen,* 68 Col. 69, 187 P. 926; *Oliver* v. *Ernst,* 148 Neb. 465, 27 N. W. 2d 622.

In the *Roush* case, *supra,* the court said: "We think that the legislature must have considered a farm laborer as one who is employed to do ordinary farm work, and not one engaged in the special business of going from farm to farm to thresh grain and husk corn with machinery not ordinarily used by farmers." See also, *Britton* v. *Industrial Comm.,* 248 Wis. 549, 22 N. W. 2d 525, where a crop duster employed by an uninsured airport operator was held entitled to recover compensation benefits from his employer but not from a canning company which entered into a contract with the airport operator to dust crops of farmers who had contracts with the canning company.

The employer-appellant is not a farmer but is an independent contractor engaged in the highly specialized and hazardous business of spraying and dusting crops

[1] Contra: *Cook* v. *Massey,* 38 Idaho 264, 220 P. 1088, 35 A. L. R. 200.

and other vegetation by plane. Appellee is a licensed commercial flyer with long experience as a "duster pilot," an occupation that could scarcely be classified as ordinary farm work. A direction for the performance of such a task by the ordinary agricultural laborer would doubtless come as a distinct shock. The fact that appellant's chief customer is the farmer upon whose farm the work is usually performed does not make the employment "agricultural farm labor" within the meaning of our statute. A different result might follow if appellee had been employed by the farmer who owned his own plane. The circuit court correctly determined that appellee was not engaged in an employment in "agricultural farm labor" at the time of his injury, and the judgment is affirmed.