FRANKLIN *v.* McCoy.

5-2571                                        353 S. W. 2d 166

Opinion delivered January 29, 1962.

*Wynne & Wynne,* for appellant.

*Thomas E. Sparks,* for appellee.

PAUL WARD, Associate Justice. The issue for deci-sion is: When is a chicken raiser a farmer? This issue, as it appears from the record in this case, presents a question of law rather than a question of fact.

Appellant, Louise Franklin, as an employee of ap-pellee, Mitchell McCoy, (uninsured) filed a claim for compensation before a Workmen's Compensation Ref-eree for an injury received on July 18, 1959 arising out of and in the course of her employment. The only real question presented to the Referee was whether appel-lee's employees were engaged in "agricultural farm labor". The Referee and (later) the full Commission held the said employees were *not* so engaged. On appeal the Circuit Court held to the contrary and dismissed appellant's claim—hence this appeal.

Ark. Stats. § 81-1302 (c) 1 defines "employment", as it is material here, to mean:

"Every employment carried on in the state in which five [5] or more employees are regularly employed by the same employer in the course of business or busi-nesses, except domestic service, *agricultural farm labor.* . . ." (Emphasis added.)

For the purpose of this opinion it will be assumed that appellee employed five or more persons. The Com-

mission so held, and we find substantial evidence to support that holding. It was not necessary for the Circuit Court to pass on this particular question since it held appellee's employees were not engaged in "agricultural farm labor".

*Facts.* The pertinent facts on which the Commission and the Circuit Court based their respective decisions are not in dispute. Appellee owns 188 acres of land of which 144 are woodland. For many years prior to about 1958 he was unquestionably engaged in farming the land by raising cotton, hay, peanuts, popcorn, corn, soybeans, hogs and cattle. He was not raising any of those things however when appellant was injured in July, 1959. The same situation obtained in 1958 with the exception that he did raise some hay but did not get to cut and bale it because of lack of help.

In 1946 appellee began raising chickens for market in connection with his other operations and has continued raising chickens for the market ever since. By 1959, and possibly sooner, the chicken business had grown to the extent that appellee had (on the land) eight chicken houses containing approximately 75,000 chickens at a given time. In that year he marketed some 5,500 chickens twice a week. Feed for the chickens was not raised on the land, but grain was purchased and prepared on the land by appellee's employees. The result was that in 1959, and possibly in 1958, nothing was produced on appellee's land except chickens for the market.

*The Issue.* Under the above state of facts was appellee engaged in agricultural farming in 1959 or, to be more specific, was appellant at the time of her injury engaged in "agricultural farm labor" in the sense those words are used in the statute above quoted? In trying to find the answer to the above question we find no certain guidepost in our own or other decisions.

Our Court, on three occasions, has considered the clause in our statute excepting "agricultural farm labor" from Workmen's Compensation coverage. In

*Gwin* v. *J. W. Vestal & Son,* 205 Ark. 742, 170 S. W. 2d 598, the Court held that Gwin was not covered by the Workmen's Compensation Act although he was, at the time of the injury, a night watchman at a greenhouse located on a farm where hay was also grown. The decision apparently turned on the finding that floriculture or horticulture was a form of farming. In so holding the Court pointed with approval to a statement that "agricultural labor" had a broader meaning than just "farm labor". We take this to mean that there could be some phase of activity included in agricultural labor that might not be included in farm labor.

In the case of *Bailey* v. *Great American Indemnity Company, et al,* 221 Ark. 469, 254 S. W. 2d 322, it was held that Bailey was covered by the Compensation Act for an injury received by falling from a tree on an 18-acre (so-called) farm belonging to his employer. This decision is of little value to us here because it seems to have been based on the fact that the so-called farm was merely a sideline to another (non-farming) operation also owned by the employer and was used merely as an advertising or diversional activity. A similar result on similar grounds was reached in the case of *Dockery* v. *Thomas,* 226 Ark. 946, 295 S. W. 2d 319, where the claimant was engaged in crop dusting. In effect the Court said there could be no logical or reasonable similarity between crop dusting and farming where the employer was engaged solely in the business of commercial crop dusting.

In order to determine what definition the courts and authorities have given to the term "agriculture" we have examined the following: 3 C. J. S. 365; 2 Am. Jur. 395; *Hight* v. *Industrial Commission,* 44 Ariz. 129, 34 P. 2d 404; *Greischar* v. *St. Mary's College,* 176 Minn. 100, 222 N. W. 525; *De Fontenay* v. *Childs,* 93 Mont. 480, 19 P. 2d 650; and *Beyer* v. *Decker,* 159 Md. 289, 150 Atl. 804. All these cases and authorities say that feeding and raising cattle and horses come within the term agricultural farming; some of them include poultry.

In the case of *Fleckles* v. *Hille, et al*, 83 Ind. App. 715, 149 N. E. 915, the employer owned and operated a farm consisting of 40 acres, 10 acres being in cultivation and the rest of it being used for the production of eggs and poultry for the market. The principal part of claimant's work was feeding and caring for the poultry, and claimant was so engaged when injured. The trial court held claimant was not a farm or agricultural employee and accordingly denied his claim. The appellate court reversed the trial court on the ground that the term "agriculture" means not only tilling the soil but includes raising, feeding and management of livestock and poultry. To the same effect is the decision in *Bennett* v. *Stoneleigh Farms, Inc., et al*, 4 N. Y. S. 2d 255, 254 App. Div. 790, where claimant worked on a farm where only cattle and chickens were raised.

Webster's Third International Dictionary includes in its definition of "agriculture" the raising of animals useful to man and the disposition of same for market.

In view of the foregoing we are unwilling to say the legislature, in using the words found in the statute heretofore quoted, meant that raising chickens (in the manner previously set out) is not an agricultural farm activity. If that is what the legislature meant we pass to them the responsibility of saying so in unmistakable terms. The legislature may have indicated what its action would be in this situation when it passed Act 166 of 1961 where it defined the term "agriculture" to include the "cultivation, growing, harvesting and/or marketing of domesticated fish".

It is accordingly our conclusion that the trial court was correct in dismissing the appellant's claim.

Affirmed.

McFADDIN, J,. not participating.