McGEHEE HATCHERY *v.* GUNTER.

5-3122                                    373 S. W. 2d 401

Opinion delivered December 23, 1963.

*Ganaway & Ganaway,* for appellant.
*House, Holmes, Butler & Jewell,* for appellee.

SAM ROBINSON, Associate Justice. Appellant, Mc-
Gehee Hatchery Company, is engaged in the business of
hatching eggs on a large scale at McGehee, Arkansas.
Appellee, Keno R. Gunter, who lived in Mississippi, sold
newly hatched chickens for appellant; his salary was
$285.00 per month. At the same time, Gunter also worked
for other concerns who were engaged in some angle of
the chicken business. On January 22, 1958, Gunter was
severely injured in an automobile accident in Mississippi.
At the time, he was on business for appellant, McGehee
Hatchery, and also on business for the Warren Produce
Company of Greenville, Mississippi. Gunter was award-
ed workmen's compensation in Mississippi as an em-
ployee of the Warren Produce Company. Later, he filed
a claim with the Arkansas Workmen's Compensation
Commission for benefits as an employee of the McGehee
Hatchery Company. The Arkansas Commission denied
the claim on the ground that payment of benefits in Mis-
sissippi barred Gunter from receiving benefits under
the Arkansas law. The claimant appealed to the circuit
court and there the court reversed the Commission. The
McGehee Hatchery Company then appealed to this court.
We affirmed the judgment of the trial court with the
modification that there could be no duplicate cash award
for hospital and medical expenses. *McGehee Hatchery
Co.* v. *Gunter,* 234 Ark. 113, 350 S. W. 2d 608. The case
went back for a hearing on the merits before the Work-
men's Compensation Commission. The Commission
awarded compensation. The trial court affirmed the
action of the Commission, and McGehee Hatchery Com-
pany has appealed.

Appellant now contends that Gunter was not its
employee at the time he was injured; that he was an
independent contractor. When the case was here the
first time it was not suggested that Gunter was not an
employee. In that case we said: ". . . [Gunter] was also
employed as a traveling salesman by the appellant, an
Arkansas concern, at a salary of $285.00 a month." But
we need not decide whether the above language consti-
tutes the law of the case, because in the case at bar there
is substantial evidence to sustain the finding of the

Commission that Gunter was an employee and not an independent contractor. In fact, there is very little, if any, evidence to the contrary. No written contract showing Gunter to be an independent contractor was introduced in evidence, and no one testified that there was an oral contract to that effect. Actually, Mr. Floyd, president of the McGehee Hatchery, testified that Gunter was an employee. Gunter was paid a regular salary of $285.00 per month; social security and income taxes were deducted from his salary. However, workmen's compensation insurance premiums were not paid on claimant, but the failure to pay such premiums was not for the reason that appellant company did not consider that Gunter was its employee, but was due to the insurance agent having told appellant not to pay premiums on Gunter because he lived in another state.

Appellant argues that the fact that the appellant company did not tell Gunter when and where to sell chickens is strong evidence that he was an independent contractor. Even so, such evidence in itself is not sufficient to overturn the finding of the Commission based on substantial evidence that an employer-employee relationship existed.

Agricultural farm labor does not come within the purview of the Arkansas workmen's compensation law. Ark. Stat. Ann. § 81-1302(c) (Repl. 1960). In this case the Commission made a finding that the McGehee Hatchery is engaged in agriculture within the meaning of the statute, and is, therefore, not subject to the workmen's compensation law. But, the Commission held that the hatchery had waived its exemption under the provisions of Ark. Stat. Ann. § 81-1307 (Repl. 1960). The Commission based its finding that appellant was engaged in agriculture on the case of *Franklin* v. *McCoy,* 234 Ark. 558, 353 S. W. 2d 166. Our decision in that case was founded squarely on the facts of that particular case. There, the employer had been engaged in farming for many years, raising cotton, hay, peanuts, popcorn, soybeans, hogs, cattle and chickens. But in 1959, at the time the employee was injured, only chickens were being

raised. We said: "In view of the foregoing we are unwilling to say that the legislature . . . meant that raising chickens (in the manner previously set out) is not an agricultural farm activity."

We do not construe the Franklin case as broadly as construed by the Workmen's Compensation Commission in the case at bar. It would appear from the evidence in this case that the McGehee Hatchery is not engaged in agriculture within the meaning of the workmen's compensation law. But we do not turn our decision on that point because the evidence is sufficient to support the finding of the Commission that the appellant waived the exemption even if it was exempt.

As heretofore pointed out, the Workmen's Compensation Commission held that appellant was engaged in agriculture, and therefore did not come under the provisions of the Workmen's Compensation Act, but that appellant could and did waive such exemption. Appellant argues that to effect such waiver there must have been a strict compliance with the act, and that there was no such compliance by appellant because notices of the waiver of exemption were not posted in accordance with the act. Ark. Stat. Ann. § 81-1307 (Repl. 1960) provides: "Any employer carrying on any exempted or excepted employment may at any time waive such exemptions or exceptions as to any employee or all employees engaged in such employment as he may elect by giving notice of waiver of such exemptions or exceptions as provided in section 8."

Ark. Stat. Ann. § 81-1308 (Repl. 1960) provides: "Notice of waiver of exclusion or exemption heretofore referred to shall be given in accordance with the following provisions: (a) Every employer who waives such exclusion or exemption shall post and keep posted in and about his place of business typewritten or printed notices to such effect in accordance with a form to be prescribed by the Commission and he shall file a duplicate of such notice with the Commission. (b) Such notice shall be given at least thirty [30] days prior to any injury; provided, however, that if the injury occurs less than thirty

[30] days after the date of employment, such notice, if given at the time of employment, shall be sufficient notice.''

The Workmen's Compensation Act is highly remedial and is entitled to a liberal construction. *Williams Mfg. Co.* v. *Walker*, 206 Ark. 392, 175 S. W. 2d 380. The act should be accorded a broad construction and doubtful cases should be resolved in favor of compensation. *Elm Springs Canning Co.* v. *Sullins*, 207 Ark. 257, 180 S. W. 2d 113; *Triebsch* v. *Athletic Min. & Smelting Co.*, 218 Ark. 379, 237 S. W. 2d 26.

No doubt appellant considered that it was subject to the provisions of the act and accordingly secured insurance coverage for protection. In all probability, neither the McGehee Hatchery Company nor its insurance carrier ever considered that the company was exempt under the act until the decision in *Franklin* v. *McCoy, supra,* rendered on the 29th day of January, 1962, some four years after the date Gunter was injured. For its own protection and for the protection of its employees, the appellant had secured a policy of workmen's compensation insurance and filed the policy with the Workmen's Compensation Commission. For all intent and purposes the company had secured itself against the hazards of being subject to the common law of torts; and then months after the employee was injured, it is claimed that there is no liability under the workmen's compensation law on the part of the employer because the employer did not strictly comply with the statute in posting notices. In this case, apparently, except for the workmen's compensation law, there would be no liability on the part of the employer.

In 136 A.L.R. 900, it is said: ''Workmen's compensation acts generally contain provisions governing the acceptance of them by employers as to whom the acts are not mandatory. No general rule can be laid down other than that a substantial compliance with these provisions is usually required. The question as to whether there has been a sufficient compliance depends upon the facts of the individual cases.''

No doubt appellant elected to operate under the act. Certainly appellant would not have bought and paid for a policy of insurance and then deliberately failed to post a simple notice whereby there could be recovery on the policy. Moreover, when the case was here the first time, the employer made no contention that it was not operating under the act. The requirement of the posting of the notice was for the benefit of the employee, to let him know that the company had waived the exemption, and that the employee was, therefore, bound by the provisions of the workmen's compensation law. But here the employer claims that there is no liability on his part because he failed to give the employee a notice that was required by law for the benefit of the employee. Of course the employer did not need to notify himself for his own benefit that he had waived the exemption.

In similar cases it has been held that the employer is estopped to deny that he is operating under the act. In the case of *L. E. Marks* v. *Moore,* 64 S. W. 2d 426, the court held that although the employer had failed to comply with all requirements to come under the compensation act, he was estopped to deny that he had elected to and was operating under the act at the time the employee was injured. To the same effect is *Yeomans* v. *Anheuser-Busch, Inc.,* 198 S. C. 65, 15 S. E. 2d 833, 136 A.L.R. 894. In that case the record did not show that notice was not given, but the decision did not turn on that point. The court said: "We agree with the trial judge that if it [notice] was not given, default of the employer cannot be taken advantage of by the latter and his carrier to defeat the claim of an employee." And, in *Ham* v. *Mullins Lumber Co.,* 7 S. E. 2d 712, the court said: "Defendants also contended that decedent was not given notice of his employer's election, and consequently was not covered by the Act. That contention has already been disposed of in this order. However, even if it were true that such notice was not given, defendants could not plead as a defense to the claim of decedent's heirs after his death their own failure to perform their duty to him under the law. It appears to me that in good

morals, justice and law they could not do so, and that they would be estopped from so doing.''

Appellant also argues that even if it waived the exemption as to certain employees, it did not do so as to appellee because no premium was paid to the insurance carrier on him. Since it is being held that appellant cannot take advantage of its own failure to post notices that were for the benefit of the employee, the employee's right to benefits is not affected by the employer's failure to pay premiums.

Affirmed.