[No. 37699.   Department One.   April 15, 1965.]

THE DEPARTMENT OF LABOR AND INDUSTRIES and DOTTIE LEE
EGG FARM, *Respondents*, v. JACK DONALD McLAIN,
*Appellant.**

*Dellwo, Rudolf & Grant*, for appellant.

*The Attorney General, Floyd V. Smith, Assistant, Smith, Smith & Smith*, and *Del Cary Smith, Sr.*, for respondents.

HUNTER, J.—Jack Donald McLain sustained injuries as a result of a fall while shoveling snow from the roof of a chicken house at the Dottie Lee Egg Farm, owned and operated by Leland Hauenstein. A claim was filed for benefits under the Industrial Insurance Act. It was rejected by order of the Industrial Insurance Supervisor. On appeal before the Board of Industrial Insurance Appeals, the order was reversed, the board holding that the claimant was entitled to benefits of the act. The order of the board was thereafter reversed upon appeal to the superior court, and

*Reported in 401 P.2d 211.

the order of the supervisor was reinstated. The claimant now appeals to this court.

The facts are stipulated. Mr. Hauenstein owned 22 acres of land near Reardan. With the exception of one cow, for family use, the land was devoted exclusively to a poultry and egg-laying business. The land was not cultivated and nothing was produced therefrom. The buildings consisted of Mr. Hauenstein's home, some outbuildings appurtenant thereto, and five laying houses. One-day-old chicks were bought and thereafter raised on the premises. Normally, 10,000 to 12,000 laying hens were maintained at one time. The hens, after attaining 2 years of age, were butchered, usually by third parties off the premises. All the feed was purchased elsewhere, then ground and mixed on the premises in a feed room at the end of one of the laying houses. Two auger machines powered by $3/4$-horsepower electric motors lifted the feed to a grinding machine which was powered by a 15-horsepower electric motor. The ground feed was put through a mixing machine powered by a $7\frac{1}{2}$-horsepower electric motor. It was then transferred to an adjacent laying house by a bucket conveyor powered by a $3/4$-horsepower motor. Next to the feed room was a cooler room where the eggs were stored and cleaned by the use of two egg washers, each powered by a $1/3$-horsepower electric motor. The claimant was one of two full-time employees performing general duties in the operation of the business.

The claimant first contends the trial court erred in concluding that he was engaged in agricultural employment at the time of his injury.

In this state, agriculture is omitted from the list of extrahazardous employments enumerated in RCW ch. 51.12, and is therefore not covered under the Industrial Insurance Act. As we said in *Wineberg v. Department of Labor & Indus.*, 57 Wn.2d 779, 359 P.2d 1046 (1961):

The test of the application of the Industrial Insurance Act is whether the employer's business has been classified by law as extrahazardous, regardless of the fact of hazard, and whether the employee was so engaged at the time of injury. *Edwards v. Department of Labor & Indus-*

*tries*, 146 Wash. 266, 262 Pac. 973. *The legislature has never classified agriculture pursuits as extrahazardous. Berry v. Department of Labor & Industries*, 11 Wn. (2d) 154, 118 P. (2d) 785, 140 A.L.R. 392. (Italics ours.)

It is the claimant's argument that the Dottie Lee Egg Farm was purely a commercial enterprise and not a farming operation. He asserts that for it to constitute an agricultural pursuit there must have been some tilling of the soil and production of crops therefrom; that the employment must have borne some relationship to the land. Claimant cites authorities from other jurisdictions in support of this contention. *Town of Lincoln v. Murphy*, 314 Mass. 16, 49 N.E.2d 453 (1943); *Chudnov v. Board of Appeals of The Town of Bloomfield*, 113 Conn. 49, 154 Atl. 161 (1931); *Great Western Mushroom Co. v. Industrial Comm.*, 103 Colo. 39, 82 P.2d 751 (1938). We do not believe the definition of an agricultural pursuit should be so limited. In *Porter v. Yakima Cy.*, 77 Wash. 299, 137 Pac. 466 (1914), we said:

> The question to be determined is, What did the legislature mean by "farm?" Clearly it was used in a generic rather than a restricted sense. . . . A tract of land devoted to the breeding, grazing, shearing, and lambing of sheep is a farm, as much as a tract that is devoted to the growing of grain or to diversified farming. *In short, a tract may be a farm without the aid of a plow.* In common parlance, the words farm and ranch are used interchangeably. In Webster's New International Dictionary, a farm is defined as a "plot or tract of *land devoted to the raising of domestic or other animals; as a chicken farm; a fox farm.*" (Italics ours.)

We are satisfied that the operation of the Dottie Lee Egg Farm comes within the definition of farming, and constitutes an agricultural pursuit. See *Franklin v. McCoy*, 234 Ark. 558, 353 S.W.2d 166 (1962), which is singularly apposite to the instant case.

The claimant further contends, however, that the egg-farm operation comes under the definition of a "workshop," an enumerated place of employment under the act. RCW 51.08.190 provides:

> "Workshop" means any plant, yard, premises, room, or place wherein power driven machinery is employed

and manual labor is exercised by way of trade for gain or otherwise, over which the employer of the person working therein has the right of access or control.

In *Barney v. Anderson*, 116 Wash. 352, 199 Pac. 452 (1921), we held an injury from a power-driven hay baler used on a farm did not come within the Industrial Insurance Act.

In *Blanco v. Sun Ranches, Inc.*, 38 Wn.2d 894, 234 P.2d 499 (1951), we held that a stationary hop picker and re-cleaning machine, 80 feet long and located under a shed roof, was not a factory under the Factory Act. Rem. Supp. 1943, § 7658 (RCW 49.20.010). We there quoted the following from *DeHaas v. Cascade Frozen Foods*, 23 Wn.2d 754, 162 P.2d 284 (1945), a case in which a bean-cleaning machine was operated by a frozen-food company:

> "The act [Factory Act] applies only to machinery used in factories, mills, or workshops. Appellant was not engaged in work, then, in a factory, mill, or workshop and, for that reason, cannot claim protection under the act.
>
> "Any extension of the provisions of the statute to work outside of the places now mentioned in the act is a prerogative of the legislature and not of the courts."

We further stated, in the *Blanco* case:

> [T]he courts have quite uniformly held that particular kinds of farm machinery, *or places on farms where machinery is utilized,* are not "factories," "plants," or "manufacturing operation," within the meaning of these terms in the factory acts. . . . [citing out-of-state cases]
> In our own state, it has been held that work on a hay-baling machine is not within the purview of the industrial insurance law. *Barney v. Anderson*, 116 Wash. 352, 199 Pac. 452. (Italics ours.)

We conclude that since the Dottie Lee Egg Farm is an agricultural pursuit, that the use of the power-driven machinery does not bring the operation of the farm or places where the machinery is used thereon within the definition of a "workshop," under the Industrial Insurance Act.

The claimant, when injured, was not engaged in an enumerated extrahazardous employment under the Industrial Insurance Act. The judgment is affirmed.

ROSELLINI, C. J., HILL, OTT, and HALE, JJ., concur.