John Andrew GRIFFITH *v.* INTERNATIONAL CATTLE
EMBRYO, INC.

87-266                                          742 S.W.2d 124

Court of Appeals of Arkansas
Division I
Opinion delivered January 13, 1988

*Ralph Theodor Stricker*, for appellant.

*Hardin, Jesson & Dawson,* for appellee International Cattle Embryo, Inc.

*Covington & Younes, P.A.,* for appellees Dr. Robert Morris, Dr. Robert Miller, and Dr. Victor Rozeboom.

JAMES R. COOPER, Judge. In this Workers' Compensation Case, the appellant, John Andrew Griffith, alleged that he suffered a heart attack in the scope of his employment. The appellees controverted the claim alleging that the appellant was an agricultural farm laborer and excluded from Workers' Compensation coverage pursuant to Ark. Stat. Ann. § 81-1302(c)(1) (Repl. 1976). The administrative law judge found that the appellant was injured in the course of his employment and that the appellant was not engaged in agriculture. Upon review, the Commission found that the appellant was in fact engaged in agricultural labor and therefore, was not covered by the Workers' Compensation Act. On appeal, the appellant argues four points for reversal. However, because we are affirming the Commission's findings, we only need to address the issue of whether the appellant was an agricultural laborer.

The appellee is engaged in a specialized area of the cattle business. To increase the productivity of cows, they super-ovulate high quality, high genetic animals, flush the embryos, and either freeze them or implant them in a recipient cow. The farm manager, William Kissell, testified that all operations on the farm either directly or indirectly supported the cattle embryo program.

The appellant's job was to clear the 900 acres the farm was located on so that it could be used for pasture or planting hay. The appellant used a bulldozer in his line of work and occasionally performed minor repairs on the bulldozer. He suffered his heart attack while attempting to loosen a belly pan bolt under the bulldozer. He stated that, as he was straining to loosen the bolt, he felt he had torn something in his chest.

In determining whether an employment is excluded, Arkansas courts have historically placed greater emphasis on the nature and character of the employer's business rather than the character of the particular task being performed by the claimant when the injury occurred. *Dockery* v. *Thomas,* 226 Ark. 946, 295

S.W.2d 319 (1956); *Great American Indemnity Co. v. Bailey*, 221 Ark. 469, 254 S.W.2d 322 (1953); *Gwin v. J.W. Vestal and Sons*, 205 Ark. 742, 170 S.W.2d 598 (1943). The question of whether the appellant was engaged in an "employment" in "agricultural farm labor" is one of law. *Franklin v. McCoy*, 234 Ark. 558, 353 S.W.2d 166 (1952); *Gwin, supra.* The exception of agricultural farm labor is broader than the mere cultivation of the soil; however, it does not cover a farm when it is operated as a mere sideline to a commercial business. *Great American Indemnity, supra.*

*Black's Law Dictionary* 63 (5th ed. 1979) states:

> "Agricultural labor . . . is a broad term and includes farming in all its incidents, such as gardening, horticulture, viticulture, dairying, poultry, bee raising, and ranching, and refers to the field or farm with all its wants, appointments and products.

In *Franklin, supra*, the Arkansas Supreme Court decided that a "chicken raiser" was a farmer and, therefore, an injured employee was precluded from claiming compensation. In its opinion the Court considered the fact that Webster's Third International Dictionary included in its definition of agriculture the raising of animals useful to man and the disposition of same for market.

■■ We see no reason to find that the appellees were not engaged in agricultural farm labor merely because they used highly specialized and scientific methods. Nor do we agree with the appellant's argument that the appellee's business was more like a veterinarian service than a farming operation. Even though they did perform the service on cattle that did not belong to them, the record reflects that the procedure was also performed on cattle in which they had an ownership interest.

Affirmed.

CRACRAFT and COULSON, JJ., agree.