# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DREW BAILEY, )
)
    Employee-Appellant, )
)
    v. )     C.A. No. N24A-02-003 JRJ
)
RNJ FARMS, LLC, )
)
    Employer-Appellee. )

Date Submitted: July 24, 2024
Date Decided: August 6, 2024

## ORDER

This is an appeal from the Industrial Accident Board ("Board"). Employee-Appellant Drew Bailey, Sr. ("Employee") appeals the Board's January 24, 2024 Decision granting Employer-Appellee's, RNJ Farms, LLC ("Employer"), motion to dismiss.[1] Upon consideration of Employee's Appeal;[2] Employer's Opposition thereto;[3] and the record in this case, the Court hereby finds as follows:

(1) Employer sharecrops, farms and harvests in Delaware, Maryland, and North Carolina.[4] On October 20, 2021, Employee was driving one of Employer's trucks from Employer's Delaware-based location to North Carolina when he was

---

[1] Board's Decision, Trans. ID 72599393 (Mar. 25, 2024); *Drew Bailey, Sr. v. RNJ Farms, LLC*, IAB Hearing No. 1535222 (Jan. 24, 2024).
[2] Appellant's Opening Br., Trans. ID 72600720 (Mar. 25, 2024).
[3] Appellee's Answering Br., Trans. ID 72722146 (Apr. 11, 2024).
[4] Board's Decision 1.

injured in a motor vehicle accident in Virginia.[5]  On May 3, 2023, Employee filed a "Petition to Determine Compensation Due to Injured Employee."[6]  On September 5, 2023, Employer moved for an evidentiary hearing to dismiss the Petition.[7]  On November 25, 2023, the Board held an evidentiary hearing.[8]  The sole issue before the Board, and at issue on Appeal, is whether Employee was employed by Employer as a "farm laborer" and thus exempt from coverage under Delaware's Workers' Compensation Act.[9]

(2)    Employee testified to the following at the Board hearing.  RNJ Farms is a farming operation.[10]  Prior to the accident, Employee had worked on Employer's farms in Delaware, Maryland, and North Carolina.[11]  Employee spent about 90% of his time driving.[12]  Employee would drive from Delaware to North Carolina, pick up straw from North Carolina, and deliver that straw to Pennsylvania.[13]  In addition to driving, Employee would load straw and pre-baled hay onto Employer's truck for

---

[5] *Id.*
[6] R. at 1.
[7] R. at 2.
[8] R. at 3 (hereinafter "Tr. of Mot. to Dismiss Hr'g").
[9] *See* Board's Decision 2; 19 *Del. C*. § 2307(b).
    This chapter shall not apply to farm laborers or to their respective employers unless such an employer carries insurance to insure the payment of compensation to such employees or their dependents.
Employer does not carry workers' compensation insurance.  Board's Decision 1; Tr. of Mot. to Dismiss Hr'g 34:16–25.
[10] Tr. of Mot. to Dismiss Hr'g 6:11–13.
[11] *Id.* at 7:1–8.
[12] *Id.* at 27:1–3.
[13] *Id.* at 11:2–10; 24:6–9.

transport.[14]  Employee would also transport farm implements and crops.[15]  The license plate on Employer's truck included "F-T," which stands for farm truck.[16]  Employee would also sometimes work as a mechanic in Employer's "shop."[17]  Employee had always driven trucks and had 24 years of experience as a truck driver.[18]  He first joined Employer's business because his own truck had broken down, and prior to joining Employer, he was self-employed as a truck driver.[19]

(3)  Employer's owner, Robert J. Collins ("Collins") testified that RNJ Farms is a farming operation.[20]  There are two full-time employees and one part-time employee whose job it is to "do everything."[21]  His employees are classified as "farmhands" which means they drive tractors, bale hay, work on the machines, load crops, and drive crops to other farms.[22]  Employees are paid differently; mechanics are paid by the hour, and "truckers" are paid by the hour or by the load.[23]  In Collins'

---

[14] *Id.* at 11:2–10; 28:2–8.  Employee testified that he never baled the hay.  *Id.* at 28:21–24.

[15] *Id.* at 29:13–25.

[16] *Id.* at 17:8–14.  Employer's owner, Robert J. Collins ("Collins") later testified that the "F-T" designation signified that those trucks could only haul the Employer's items, not anyone else's. *Id.* at 42:15–25.

[17] *Id.* at 14:19–24.

[18] *Id.* at 19:8–24.

[19] *Id.* at 20:5–12.

[20] *Id.* at 34:4–11.  Employer farms beans, straw, hay, and cord fodder.  *Id.* at 35: 5–6.

[21] *Id.* at 38:17–22.  Employer testified that "they'll work in the field with me, run tractors, work in the shop." *Id.* at 38:23–24.

[22] *Id.* at 39:4–16.  In Collins' opinion Employee was a farmhand.  *Id.* at 40:4–7.

[23] *Id.* at 45:8–25.

opinion, the nature of the work Employee performed for Employer was agricultural.[24]

(4)   In rendering its decision, the Board considered the testimony of Employee and Collins, and messages and photos from Employee's phone.[25]  Based on the evidence, the Board found that the Employee was employed by the farm, "loaded crops (bales) on to the farms' trucks," and "drove the farm's trucks to the farm's customer."[26]  The Board further found that the majority of Employee's job consisted of transporting products of the farm,[27] and that all of Employee's duties were within "the realm of tradition or typical farm activity necessary for the operation of the farm business."[28]  Based on these findings, the Board held that Employee fit the designation of farm laborer and is exempt from coverage under Delaware's Workers' Compensation Act.[29]

(5)   On Appeal, Employee argues, (1) 19 *Del. C.* § 2307(b) is unconstitutional because the definition of farm laborer is vague and "denies due process" to Employee; (2) the Board erred in its interpretation of caselaw; (3) the

---

[24] *Id.* at 51:18–20.

[25] *See* R. at 5 (the messages were between Employee and Collins and the photos were of the different trucks/vehicles that Employee drove while working for Employer); Board's Decision 2-4.

[26] Board's Decision 10.

[27] *Id.* at 9 ("The Board accepts that the majority of his work for Employer consisted of transporting the crops or produce of the farm, often hay bales.").

[28] *Id.* at 10.

[29] *Id.*

4

Board erred in holding that truck driving is a traditional farm function; and (4) the evidence demonstrated that both parties intended Employee to be a truck driver instead of a farm laborer.[30]

(6) On appeal from the Industrial Accident Board, the Court's review is limited to determining whether the decision is supported by substantial evidence and free from legal error.[31] Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[32] The Court "does not sit as a trier of fact with authority to weigh the evidence, determine questions of credibility, and make its own factual findings and conclusions."[33] Questions of law are reviewed *de novo*, but absent an error of law, the standard of review is abuse of discretion.[34]

---

[30] Appellant's Opening Br. 8.
[31] *Glanden v. Land Prep, Inc.*, 918 A.2d 1098, 1100 (Del. 2007).
[32] *Oceanport Indus., Inc. v. Wilmington Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994) (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)).
[33] *Glanden*, 918 A.2d at 1100 (quoting *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965)).
[34] *Id.* at 1001.

(7)     Employee's first argument is that 19 *Del. C.* § 2307(b) is unconstitutionally vague because an "ordinary person would not know if Claimant was considered a farm laborer under these facts."[35]  In response, Employer argues that because Employee did not raise this constitutional argument before the Board, the issue cannot be heard on appeal.[36]  Employee counters that because issues of law are reviewed *de novo*, and the constitutionality of 19 *Del. C* § 2307(b) is an issue of law, the issue can be heard on appeal.[37]  Employee is incorrect.  "The review of an Industrial Accident Board's decision is limited to an *examination of the record* for *errors of law* and a determination of whether substantial evidence exists to support the Board's findings of fact and conclusions of law."[38]  Had Employee raised this legal issue below and the Board rendered a decision, it would be ripe for *de novo* review.[39]  The sole issue *before the Board* was whether Employee qualified as a farm

---

[35] Appellant's Opening Br. 10.  Employee argues that because the term is not defined in the statute and there is no consensus among states regarding its definition, it is unconstitutionally vague.  *Id.*

[36] Appellee's Answering Br. 10.

[37] Appellant's Reply Br. 7, Trans. ID 72856197 (Apr. 29, 2024).

[38] *Sheppard v. Allen Family Foods*, 279 A.3d 816, 826 (Del. 2022) (emphasis added).  *See also* 19 *Del. C.* § 2350 ("In case of every appeal to the Superior Court the cause shall be determined by the Court from the record[.]"); *Clark v. State*, 2019 WL 1096432, at *2 (Del. Super. Mar. 8, 2019) ("Accordingly, the Court will not consider evidence or issues not properly raised below.  Thus, an issue is waived if it was not raised below.") (internal quotation marks omitted).

[39] *See Christiana Care Health Services v. Davis*, 127 A.3d 391, 395 (Del. 2015) ([O]ur review of the IAB's legal determinations is *de novo*, we give heavy weight to the IAB's application of legal principles in the specialized context of our state's workers' compensation scheme, because the IAB has the occasion to give life to that scheme on a weekly basis in the many cases that comes before it.").

laborer.[40]  On appeal, the Court's role is to determine whether the Board's decision that Employee was a farm laborer is supported by substantial evidence and free from legal error.[41]

(8)  Employee next argues that the Board misinterpreted caselaw when it found that Employee was a farm laborer even though the majority of his duties were "trucking related."[42]  Employee relies on *Lowe v. Vincent Farms, Inc.*, where the Board found claimant to be a farm laborer because the majority of his tasks were traditionally agricultural.[43]  The Board in *Lowe* decided that although 85% of claimant's time was spent performing mechanical duties and only 12% of his time involved "farming work," claimant "work[ed] on a farm doing farm work."[44]  On appeal, the Superior Court affirmed the Board's decision noting "that the emphasis is on the nature of the claimant's work, not on the nature of the business, when determining whether a person is a farm laborer,"[45] and claimant's "mechanical expertise was used to maintain the equipment needed to run the farm."[46]  Employee argues that, based on *Lowe*, "the logical deduction" would be to conduct a balancing

---

[40] Tr. of Mot. to Dismiss Hr'g 4:14–15 ("I submit to the Board that the question is very simple.  Is he a farm laborer or is he not.").

[41] *See Lowe v. Vincent Farms, Inc.*, 2012 WL 1413580, at *1 (Del. Super. Feb. 23, 2012).

[42] Appellant's Opening Br. 12.

[43] *Id.* at 13.

[44] *See Lowe v. Vincent Farms*, No. 1373141 (Del. I.A.B. Oct. 31, 2011), *aff'd Lowe v. Vincent Farms, Inc.*, 2012 WL 1413580 (Del. Super. Feb. 23, 2012).

[45] *Lowe*, 2012 WL 1413580, at *2.

[46] *Id.* at *1.  The *Lowe* Court also noted that the claimant was injured while trying to drain the farm's irrigation system, "equipment that is crucial to a successful farming operation." *Id.*

test to compare agricultural versus non-agricultural tasks, and to consider the work that was being performed when the claimant was injured.[47] The Board in this case considered *Lowe*, and noted that the Board in *Lowe* found "maintaining farm equipment is a typical farming activity" and a claimant "largely doing mechanical work on farm equipment, was a farm laborer."[48] In its decision, the Board here specifically referred to *Lowe*, stating "[t]he Court observed that claimant's argument incorrectly attempted to re-write the statutory phrase 'farm laborer' to mean 'field laborer.'"[49] Taking *Lowe* into account, the Board determined that Employee's truck driving was integral to the farm's business thus weighing toward a finding of farm laborer. The Board did not misinterpret caselaw in rendering its decision, and there is substantial evidence supporting the decision.

(9) Next, Employee argues that because there was no evidence presented at the hearing that proves truck driving is a traditional farm function, a truck driver cannot be a farm laborer.[50] Employee attempts to distinguish his situation from that presented in *Bohemia Hall, Inc. v. Sturgill*. In *Bohemia*, the Superior Court reversed the Board, holding that a horse caretaker was a farm laborer because "[c]leaning stalls, feeding horses, etc., are the traditional labors one thinks of when one considers

---

[47] Appellant's Opening Br. 13-14. Employee contends that because the Board found that 90% of Employee's duties involved truck driving, it follows that the majority of his tasks were not agricultural in nature and thus he should not have been labeled a farm laborer. *Id.* at 14.
[48] Board's Decision 6-7.
[49] *Id.* at 7; *see Lowe*, 2012 WL 1413580, at *1.
[50] Appellant's Opening Br. 14.

farming activities."[51]  Employee argues that in the instant case, truck driving and farm work are "traditionally independent from one another."[52]  Employee also relies on *Dockery v. Thomas*, an Arkansas case, where the court found that piloting a plane and operating a crop duster is not traditional farm labor and therefore claimant was not a farm laborer.[53]  Employee argues commercial trucking is also not traditional farm labor.[54]  The Board considered *Dockery* but found it inapposite because the crop duster operation was a separate, independent, specialized business.[55]  Here, the Employer owned the farm and the trucks Employee drove, and Employee transported Employer's farm products.[56]  Thus, the Board determined that Employee's employment was integral to the overall function of Employer's farm business.[57]  This finding was based on Collins' testimony that, (1) the farm has to remove "beans, hay, straw, corn fodder, and corn" or risk the crop rotting;[58] (2) the farm participated in sharecropping which required baling and transporting hay;[59] (3)

---

[51] *See Bohemia Hall Inc. v. Sturgill*, 1988 WL 4755, at *3 (Del. Super. Jan. 7, 1988).

[52] *See* Appellant's Opening Br. 17.

[53] *See id.* at 17-18.

[54] *Id.* at 18.  The Court notes that the Arkansas statute is different as their statute uses the modifier "agriculture" before the term "farm laborer."  *Id.*

[55] Board's Decision 10.  The Board specifically noted that the *Dockery* court stated that the result may have been different if the farmer owned the plane and hired the pilot.  *See id.*; *Dockery v. Thomas*, 226 Ark. 946, 951 (1956) ("A different result might follow if appellee had been employed by the farmer who owned his own plane.").

[56] Board's Decision 10.

[57] *Id.*

[58] Tr. of Mot. to Dismiss Hr'g 36:2–6.

[59] *Id.* at 37:2–10.

9

in order to harvest the crops, the farm requires the use of tractors;[60] (4) in order to transport the crops the farm requires trucks;[61] and (5) because the farm trucks carry the "F-T" designation, they could only be used to haul Employer's farming crops and equipment.[62] There is substantial evidence to support the Board's finding that the Employee's employment was integral to the overall function of Employer's farm business.

(10) Employee's final argument concerns the Board's findings relating to the "F-T" designation.[63] Employee argues that because the Board found the "F-T" license plate designation to be a dispositive fact, the Board should have also given weight to Employee's Class A Commercial Driving License ("CDL").[64] Employee argues that if the Board had given his CDL appropriate weight, the Board would have "[c]laimant was hired because of his special skill and license, not to work in the field baling hay."[65] Employer argues that possession of a CDL is not a

---

[60] *Id.* at 37:25-38:1–2.
[61] *Id.* at 38:7–8.
[62] *Id.* at 43:1–14.
[63] *See* Appellant's Opening Br. 18. Employee also argues that both Employee and Employer understood he was employed to be a truck driver and not a farm laborer. *Id.* at 19. Employee is mistaken in his assertion that these two are mutually exclusive. As stated in the Board's decision and in the cases cited, the analysis is not based solely on one's job title. Instead, the Board recognized that the proper analysis requires it to look at Employees' "function or work." The Board found that while Employee spent the majority of his time as a truck driver, because the trucks he drove were used to load farm crops, transport crops and hay, and move equipment and materials, all in support of the farming operations, the Employee was a farm laborer. As in *Lowe*, Employee's arguments would transform the word "farm laborer" to "field laborer."
[64] Appellant's Opening Br. 19.
[65] *Id.* at 20.

10

dispositive fact because "F-T" tags can be issued to drivers without a CDL, and the fact that Employee had a CDL before (and while) he worked for Employer does not change the farm laborer analysis.[66]

(11)   In its decision, the Board correctly notes that whether one qualifies as a farm laborer hinges on the claimant's function or work for an employer, and not one's job title.[67]   Based on the evidence, the Board found that Employee, an experienced truck driver who held a CDL,[68] spent the majority of his employment with Employer transporting crops of the farm, which often included hay bales.[69]  The Board considered the fact that Employee operated farm machinery to load hay bales onto the Employer's trucks.[70]   The Board determined that the trucks driven by Employee were part of the farm's business because they were owned by Employer and used only to haul farm items.[71]   After considering the evidence and the relevant caselaw, the Board concluded that because Employee was employed by the farm, loaded crops onto the farm's trucks, drove the trucks to the farm's customers to deliver the farm crops, Employee's employment was integral to the operation of the farm business, and Employee fit the designation of farm laborer.[72]   Based on the

---

[66] Appellee's Answering Br. 15.
[67] Board's Decision at 9.
[68] *Id.*
[69] *Id.*
[70] *Id.*
[71] *Id.*
[72] *Id.* at 9-10.

Court's review of the record, the Court finds the Board's decision is based on substantial evidence and free from legal error.

**THEREFORE**, **IT IS HEREBY ORDERED** the January 26, 2024 Board Decision dismissing Employee's claim under Delaware's Workers Compensation Act is hereby **AFFIRMED.**

**IT IS SO ORDERED.**

                                                   /s/ Jan R. Jurden
                                          Jan R. Jurden, President Judge

Original to Prothonotary